**In the Matter of Kirksey McCord NIX, Jr.**

No. 72-1684
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1972.

Wayne Douglas Mancuso, Gretna, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., for appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Kirksey McCord Nix, Jr. appeals from the judgment of the district court dismissing his petition for writ of habeas corpus, prohibition and stay in connection with his incarceration in the New Orleans City Jail pending prosecution on both state and federal charges. Although the petition does not clearly indicate whether Nix challenges his state or federal custody, he did seek to stay the pending prosecution in the Louisiana Courts and enjoin the United States Attorney and U. S. Marshals from delivering him to the state courts under writs of habeas corpus ad prosequendum. The State of Louisiana appeared and filed a motion to dismiss Nix's petition. The motion was granted by the district court. We affirm.

Nix contends that improper procedures were used to secure his appearance in the state court proceedings under writs of habeas corpus ad prosequendum and that as a result the state court did not have jurisdiction to try him and the federal court had waived jurisdiction over him. We find no merit in this theory. It is well established that a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

writ of habeas corpus ad prosequendum. Chunn v. Clark, 451 F.2d 1005 (5th Cir. 1971). Nor do we find any grounds for complaint about the manner in which Nix was transferred to federal custody in the Eastern District of Louisiana. *See* Taylor v. Alabama, 465 F.2d 376 (5th Cir. 1972).

The judgment is affirmed.