The Court of Criminal Appeals, 456 So.2d 110, affirmed the petitioner's conviction, expressly holding that the record failed to show that she had reserved her right to raise the search and seizure issue on appeal, despite her guilty plea.
After the Court of Criminal Appeals released its opinion on November 2, 1982, the petitioner filed an application for rehearing accompanied by the following supplemental record pursuant to Rule 10 (f), Alabama Rules of Appellate Procedure:
 "STIPULATION FOR CORRECTION OR "MODIFICATION OF THE RECORD
 "Pursuant to Rule 10 (f) of the Alabama Rules of Appellate Procedure, the Defendant/Appellant by and through her attorney, Kathleen M. Warren, and the State of Alabama by and through its prosecutor, Charles D. Martin, hereby stipulate to a material omission in the trial court record.
 "1. Immediately following the trial court's denial of the defendant's motion to suppress the evidence, a brief recess was granted. During that recess, the attorney for the defendant and the prosecuting attorney engaged in a discussion outside the presence of the trial judge. *Page 113 
 "2. Upon the return of the defense attorney, the prosecuting attorney and the defendant to the trial judge's chambers, a conversation occurred between the defense attorney, the prosecuting attorney and the trial judge which was mistakenly omitted from the record. In summary, the omitted discussion was that the trial judge was informed by counsel for the defendant and by the prosecuting attorney that an agreement had been reached between them, in which the defendant concurred, that a guilty plea would be entered by the defendant conditioned upon the reservation of the issue of unlawful search and seizure for appeal. The trial judge agreed to accept the guilty plea under those conditions and assured defense counsel and the defendant that the issue of the unlawful search and seizure would be preserved on appeal.
 "/s/ Kathleen M. Warren
"KATHLEEN M. WARREN "1024 Forrest Avenue "Gadsden, Alabama 35901 "ATTORNEY FOR DEFENDANT/APPELLANT "/s/ Charles D. Martin
"CHARLES D. MARTIN "823 Forrest Avenue "Gadsden, Alabama 35901 "ASSISTANT DISTRICT ATTORNEY"
"ORDER
 "Having received and considered the Stipulation for Correction or Modification of the Record filed in this case, and based also on my own independent recollection of the material omitted from the record, it is hereby ORDERED, ADJUDGED AND DECREED that the record on appeal in this cause be corrected to include the following at page 15 just after the granting of the recess and just prior to the colloquy which began the entering of the guilty plea by the defendant:
 "The court was informed by counsel for the defendant and by the prosecuting attorney that an agreement had been reached between them, in which the defendant concurred, that a guilty plea would be entered by the defendant conditioned upon the reservation of the issue of unlawful search and seizure for appeal. The court agreed to accept the guilty plea under those conditions and assured defense counsel and the defendant that the issue of the unlawful search and seizure would be preserved on appeal.
 "It is further ORDERED, ADJUDGED AND DECREED, that a copy of the Stipulation for Correction and Modification of the Record and this Order will be certified by the Circuit Court Clerk of Etowah County and transmitted to the Alabama Court of Criminal Appeals immediately.
"Done this the 9th day of November, 1982.
 "/s/ Cyril L. Smith
"CYRIL SMITH, CIRCUIT JUDGE, "PRESIDING"
The Court of Criminal Appeals denied rehearing without comment.
We reverse and remand the cause to the Court of Criminal Appeals for consideration of the search and seizure issue in light of the record as now properly supplemented under ARAP 10 (f). Ballou v. State, 365 So.2d 352 (Ala.Cr.App. 1978).
The supplemented record supports the petitioner's claim that the search and seizure issue was preserved for consideration on appeal. We do not, however, reach the merits of her claim, leaving that for consideration by the Court of Criminal Appeals, taking into account the supplemented record.
REVERSED AND REMANDED.
All the Justices concur. *Page 114