This is an appeal from the dismissal of a petition for writ of habeas corpus wherein Bobby Martin challenges seven Alabama felony convictions and sentences[1] under which he is presently being held, alleging that each conviction was obtained in violation of § 15-9-46, Code of Alabama 1975.
Martin alleges that the State of Alabama lost jurisdiction over him when it allowed him to be transported to Mississippi without first trying him for the seven offenses charged in Alabama. Conversely, Martin also alleges that the State of Mississippi lost jurisdiction over him when it allowed him to be transported back to Alabama without first trying him for the offenses charged in Mississippi.
This court lacks any jurisdiction over Martin's challenges to the convictions obtained in the State of Mississippi, and we shall confine our inquiry to his challenges to the Alabama convictions.
The petition does not allege, and there is no showing, that Martin attempted to present his challenges to the Alabama convictions to the trial court or on direct appeal. Consequently, we find that Martin has waived this issue by failing to timely assert it. "By failing to raise his claim prior to or during the trial, the petitioner has waived any claim for relief he may have had." Tombrello v. State,484 So.2d 1190, 1191 (Ala.Cr.App. 1985).
Martin's reliance upon § 15-9-46, Code of Alabama 1975,[2] is, moreover, misplaced. Nowhere in the record on appeal is there any mention of extradition proceedings instituted against Martin in either Alabama or Mississippi. In fact, the record reveals that the State of Mississippi lodged a detainer against Martin pursuant to the Uniform Mandatory Deposition of Detainers Act.[3] The record also shows that Martin pleaded guilty in all of the Alabama and Mississippi cases for which he is presently incarcerated. "By pleading guilty, the petitioner waived all nonjurisdictional defects, including any violation of the Uniform Mandatory Disposition of Detainers Act."Tombrello v. State, supra, 484 So.2d at 1191. *Page 71 
Finally, we note that "a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a writ of habeas corpus ad prosequendum." In re Nix, 465 F.2d 377, 377-78 (5th Cir. 1972), cert. denied, 409 U.S. 1112, 93 S.Ct. 924,34 L.Ed.2d 694 (1973).
Accordingly, we find that the petition for writ of habeas corpus was properly dismissed and we therefore affirm the judgment of the circuit court.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.
[1] Martin had received, in the State of Alabama, three convictions for burglary in the third degree, three convictions for theft in the second degree, and one conviction for theft in the first degree.
[2] Section 15-9-46, Code of Alabama 1975, provides that "[i]f a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, at his discretion, either may surrender him on the demand of the executive authority of another state, or may hold him until he has been tried and discharged or convicted and punished in this state."
[3] Alabama has codified this act at §§ 15-9-80 through -88, Code of Alabama 1975.