This case involves a very important legal question — the right of a defendant to enter a plea of guilty, reserve the right to appeal the trial court's overruling of his motion to suppress evidence, and then insist that the appellate court was powerless to permit the trial court to supplement the record so that the appellate court could decide the legal issue presented to it by the defendant, whether the seized marijuana was within the "curtilage."
It is undisputed that the petitioner entered a plea of guilty in this case. Ordinarily, a guilty plea waives all nonjurisdictional matters, including a trial court's refusal to suppress evidence, but this Court has, by case law, permitted an exception to that general rule when a defendantspecifically reserves his or her right to appeal such a ruling on a motion to suppress, as this petitioner did. Ex parteSawyer, 456 So.2d 112 (Ala. 1983) (defendant allowed to supplement record on appeal to show that search and seizure issue was reserved when the plea of guilty was entered).
It is undisputed from the record that the petitioner here wanted to follow the Sawyer rule, because the following occurred during the colloquy between the trial court and counsel for the petitioner:
 "THE COURT: Is there an agreement with the district attorney[?]
". . . . *Page 917 
 "MR. JAFFE: As I understand it in all of the negotiations that all of us have had with Al, this will be a plea of guilty in accordance with the Sawyer case. It is in fact a guilty plea; but that the motion to suppress that Your Honor will overrule today, all of which that motion to suppress will be overruled and the record on appeal will be the preliminary hearing transcript which we will submit today. And that will be the entire record on appeal factually in regards to the motion to suppress which has been filed and that we have all also talked about since we did not actually have a motion to suppress; so, therefore, we haven't got real specific as far as all of the motions — I think we have all filed.
"MR. MASDON: Yes."
The majority does not address the primary issue raised on the petition — whether the marijuana plants were within the "curtilage" as a matter of law, but addresses a secondary issue raised by the petitioner, his claim that the prosecution had the burden of proof on his motion to suppress. On this issue, the majority concludes, as follows:
 "If the purpose of the remand, as the State contends, was merely to clarify the evidence, obviously new evidence should not have been admitted. . . .
 "The acceptance of new evidence after Hergott had pleaded guilty violates the Double Jeopardy Clause of the fifth amendment. . . .
 "The State has the burden to prove that a warrantless search was reasonable."
Each of those statements of law, in my opinion, is contrary to a decision of the United States Supreme Court on the burden of proof on a motion to suppress evidence and is contrary to cases from other jurisdictions. Furthermore, the decision frustrates what had been established by the Sawyer case as a convenient method for defendants to plead guilty, but still reserve a legal issue that the defendant thought the trial court had incorrectly decided. The holding that an appellate court cannot remand the cause to the trial court for the taking of additional evidence so that the appellate court can resolve the legal question on the merits, is most unfortunate, especially in this case, where the record on appeal in support of the petitioner's claim was introduced in the trial court by thepetitioner, and where the petitioner gave permission to thetrial court to view the premises personally, after the cause was remanded.
Today's decision also applies double jeopardy principles to this appeal, although it is clear from the record that the defendant took advantage of the Sawyer procedure that effectively allowed him to appeal from the trial court's ruling on a pre-trial motion to suppress evidence, even though he had entered a plea of guilty to the underlying charge. The Court cites Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978), in support of its decision, but Burks
involved an appeal after a trial. Here, there has been no trial; therefore, the Burks principle would appear to be totally inapplicable to this case.
Today's decision also states that "[t]he State has the burden to prove that a warrantless search was reasonable." That statement is obviously overbroad and clearly is not applicable to the facts of this case. My research indicates that the law is not settled on the question of whether the State or the defendant has the burden of proof on a motion to suppress evidence that is alleged to have been illegally seized. The subject is extensively treated by LaFave in his treatiseSearch and Seizure, § 11.2(b), pp. 217-233 (2d ed. 1987). As LaFave points out in that section of the treatise, the jurisdictions vary in their placement of the burden. On the specific question of the placement of the burden of proof involving a motion to suppress, LaFave, in another of his treatises, Criminal Procedure, § 10.3, p. 788 (1987), states:
 "At a hearing on a motion to suppress, who has the burden of proof with respect to the matters at issue? To understand the full significance of this inquiry, it is first necessary to recall that the term 'burden of proof' actually encompasses two separate burdens. One burden is *Page 918 
that of producing evidence, sometimes called the 'burden of evidence' or the 'burden of going forward.' If the party who has the burden of producing evidence does not meet that burden, the consequence is an adverse ruling on the matter at issue. The other burden is the burden of persuasion, which becomes crucial only if the parties have sustained their respective burdens of producing evidence and only when all the evidence has been introduced. It becomes significant if the trier of fact is in doubt; if he is, then the matter must be resolved against the party with the burden of persuasion.
 "It is not inevitably true that the burden of production and the burden of persuasion must both fall upon the same party. In the context of the motion to suppress evidence, for example, at least one state has placed the initial burden of production on the state and the ultimate burden of persuasion on the defendant. But as is true in the law generally, the prevailing practice is to allocate the two burdens jointly to one party or another. Sometimes courts expressly state that this is what they are about, but more commonly it results as a consequence of a general ruling that the 'burden of proof' on the motion to suppress rests upon either the defendant or the state.
 "Various principles are often advanced in the course of discussions of where, as a matter of sound policy, the burden of proof should lie in various circumstances. In summary, they are: (1) that the burdens should be placed on the party who has the best access to the relevant facts; (2) that the burdens should be placed 'on the party desiring change'; (3) that the burdens should be allocated so as to avoid providing an incentive for use of the objection primarily to gain general discovery of the other side's case, particularly where discovery is otherwise quite limited; (4) that the burdens should be allocated so as to have 'one party proving a limited ground [rather than] the other party disproving many grounds'; (5) that the burdens should be allocated in accordance with the best judicial estimate of the probabilities of the particular event having occurred; and (6) that the burdens should be used to 'handicap' disfavored contentions. These principles will sometimes be helpful in working out burden of proof issues, but they do not inevitably all point in the same direction and thus will not always show where as a matter of policy the burden would best be placed."
The disagreements among courts and judges on the proper placement of the burden of proof is graphically shown inFlorida v. Riley, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835
(1989), where the defendant moved to suppress marijuana plants seized pursuant to execution of a search warrant, which was based on aerial surveillance by a police officer in a helicopter 400 feet above the defendant's greenhouse. FiveJustices said that the burden of proof was on the defendant to show that the use of helicopters at 400 feet was so rare as to produce a reasonable expectation of privacy. Although the dissenting Justices thought that the burden was on the Government, at least one of them, Justice Blackmun, spelled out his reasons for believing that the burden should have been on the Government. Justice Blackmun said the following:
 "[B]ecause I believe that private helicopters rarely fly over curtilages at an altitude of 400 feet, I would impose upon the prosecution the burden of proving contrary facts necessary to show that Riley lacked a reasonable expectation of privacy. . . .
 "In this case, the prosecution did not meet this burden of proof, as Justice BRENNAN notes. This failure should compel a finding that a Fourth Amendment search occurred. But because our prior cases gave the parties little guidance on the burden of proof issue, I would remand this case to allow the prosecution an opportunity to meet this burden." (Emphasis added.)
Although four Justices believed in Riley that the burden of proving that private helicopters rarely fly over curtilages at an altitude of 400 feet was on the prosecution, at least one of them was of the opinion *Page 919 
that, on a motion to suppress, the case should be remanded to permit the prosecution to establish that proof. Here, the Court of Criminal Appeals essentially did what Justice Blackmun suggested in his dissenting opinion in Riley. He said that he would remand the case "to allow the prosecution an opportunity to meet this burden."
In my research of the question, I also found that the Supreme Court of Georgia, with one justice dissenting, followed the same procedure followed by the Court of Criminal Appeals in this case. In Atkins v. State, 254 Ga. 641, 331 S.E.2d 597
(1985), the Georgia court held that "two crucial elements of the test of a valid consent search were not established," but that a reversal was not required. The Court "remanded the case to [the intermediate court] with direction that it be remanded to the trial court for a hearing on the validity of the search." One justice vigorously dissented in Atkins and suggested, as the majority does here, that the principle of double jeopardy applied.
Based on the above, I do not believe that the burden of proof should have been on the State here to show that the petitioner did not have a reasonable expectation of privacy. SeeRiley, 488 U.S. 445, 109 S.Ct. 693.
Even assuming, however, that the burden was on the State in this case, the Court of Criminal Appeals did not err in remanding the cause to the trial court to allow the State to supplement the record to prove that the petitioner had no reasonable expectation of privacy here. The State, after remand, produced sufficient evidence to show that the marijuana plants were not located within the "curtilage" and thereby proved that the petitioner did not have any reasonable expectation of privacy at the place where the marijuana plants were seized. At most, I would allow the defendant to withdraw his plea of guilty and go to trial on the charge, if that were his desire.