The appellant was charged in a two-count indictment with possessing and selling cocaine. At arraignment, he pleaded not guilty and moved to quash the indictment on the ground of racial discrimination in the selection of the foreman of the grand jury that indicted him.
The case was originally assigned to Baldwin Circuit Judge Charles C. Partin. Judge Partin, however, recused himself from hearing the motion to quash when it became apparent that he, along with most of the other current and former circuit judges, as well as the present and past district attorneys, of Baldwin County, would be called as a witness at the hearing. Judge Partin assigned the appellant's case to Baldwin Circuit Judge James H. Reid.
After an extensive hearing, consolidated to include the appellant's motion to quash the indictment and identical claims by 13 other Baldwin County defendants, Judge Reid ruled that the indictment had not been obtained in violation of either the Due Process or the Equal Protection clause of the Fourteenth Amendment, and denied the motion to quash. Thereafter, Judge Reid reassigned the appellant's case to Judge Partin.
The appellant entered into a plea agreement with the State, whereby the prosecution agreed to nol prosse the possession count in return for the appellant's plea of guilty to the sale count of the indictment. *Page 382 
On May 5, 1992, the appellant pleaded guilty to the sale of cocaine. Judge Partin adjudicated him guilty of that offense and sentenced him to five years' imprisonment. Neither the appellant, his counsel, nor the prosecution made any mention of the prior motion to quash the indictment, or the fact that the appellant was reserving his right to appeal the issue underlying the denial of that motion. The proceedings on May 5 were adjourned in order to allow Judge Partin to consider the appellant's request for probation.
On July 30, 1992, Judge Partin denied the request for probation and informed the appellant of his right to appeal his conviction and sentence. At that point, defense counsel stated:
 "[DEFENSE COUNSEL]: Judge, at this time, we would give oral notice of appeal. If your Honor recalls the motion on all the cases where we had the motions to quash the indictments on the grounds of discrimination and selection of the Grand Jury and this is one of those cases and if the Court can see fit, I will be willing to represent [the appellant] on appeal.
 "[ASSISTANT DISTRICT ATTORNEY]: Your Honor, the State is not aware of any reservations as part of this plea bargain arrangement to appeal on any issue that has already been adjudicated by the Court.
 "[DEFENSE COUNSEL]: Judge, I don't think we have to have them agree that we can appeal from an adverse ruling on a motion to quash the indictment.
 "THE COURT: Well, I think the Defendant has a right to appeal any judgment and sentence. . . ." R. 18-19.
An indictment regular on its face gives the court jurisdiction to proceed, see Parham v. State, 285 Ala. 334,336, 231 So.2d 899, 900 (1970), but "a void indictment gives the court no jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilt," Tinsley v. State, 485 So.2d 1249,1251 (Ala.Cr.App. 1986). Invidious discrimination in the selection of the grand jury is not a "jurisdictional," defect and in the event discrimination is shown, the indictment is voidable, but not void. See Williams v. State, 342 So.2d 1328,1330 (Ala. 1977); Thomas v. State, 277 Ala. 570, 173 So.2d 111
(1965).
It is clear that by pleading guilty, a defendant waives all nonjurisdictional defects occurring before the plea. See, e.g.,Martin v. State, 579 So.2d 69, 70 (Ala.Cr.App. 1991). Because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," Tollett v. Henderson,411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), we have required a defendant who wishes to appeal an adverse ruling on an issue raised prior to the entry of the plea to inform the trial court, at the time he enters his plea, that he intends to reserve that issue for appeal. See Sawyer v. State,456 So.2d 110 (Ala.Cr.App. 1982), reversed after record supplemented, 456 So.2d 112 (Ala. 1983). The defendant's plea is, in effect, conditioned on his right to appeal the prior adverse ruling. See 2 W. LaFave J. Israel, CriminalProcedure, § 20.6(b) (1984). Recently, Justice Maddox summarized the Alabama law on this point as follows:
 "Ordinarily, a guilty plea waives all nonjurisdictional matters, including a trial court's refusal to suppress evidence, but this Court has, by case law, permitted an exception to that general rule when a defendant specifically reserves his or her right to appeal such a ruling on a motion to suppress, as this petitioner did. Ex parte Sawyer, 456 So.2d 112
(Ala. 1983) (defendant allowed to supplement record on appeal to show that search and seizure issue was reserved when the plea of guilty was entered)."
Ex parte Hergott, 588 So.2d 911, 916 (Ala. 1991) (Maddox, J., dissenting) (emphasis in original).
As Justice Maddox's parenthetical explanation ofSawyer indicates, a defendant must reserve his right to appeal an adverse ruling on a issue arising before the plea "when theplea of guilty [is] entered." The reason behind such a requirement is clear: because a guilty plea waives all nonjurisdictional defects in proceedings *Page 383 
occurring before the plea, Martin, supra, and "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," Tollett, supra, an unconditional plea must be taken to represent the defendant's decision to forego any challenge to events occurring before the plea. If the defendant does not intend to forego such challenges, he must make that intent clear before he enters his plea.
In Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979), the defendant filed a motion for speedy trial, the motion was denied, and the defendant pleaded guilty. In denying the motion for speedy trial, the trial court stated, "I am going to overrule the motion. You can take this up on appeal." 375 So.2d at 521. Before entering his plea, the defendant stated that he was "pleading guilty with the understanding that [he could] carry this speedy trial issue." Id. The trial judge responded, "Right, you have reserved that by the record of this Court and the Court has advised him." Id.
This Court held that although the "subjective beliefs or expectations" of a defendant with regard to what matters can be appealed after a plea of guilty are insufficient to invalidate the voluntariness of the plea, "fundamental fairness dictates that such a rule should not apply where the trial court hasassured the defendant that he may still present the issue of speedy trial on appeal despite his guilty plea." Id. (emphasis added).
Bailey is not authority for finding that the issue underlying the appellant's motion to quash the indictment was reserved for appeal. First, unlike the judge who adjudicated Bailey guilty, Judge Partin did not clearly "assure the [appellant] that he [could] still present the [racial discrimination] issue . . . on appeal despite his guilty plea." Compare Bailey, 375 So.2d at 521. We cannot construe Judge Partin's general statement that the appellant had "a right to appeal any judgment andsentence" to be an assurance that the appellant could still present the specific issue of racial discrimination in the selection of the grand jury foreman on appeal.
Second, the appellant, unlike the accused in Bailey, did not inform the trial court of his desire to appeal the adverse pre-trial ruling and seek the court's approval of that actionbefore he entered his guilty plea. The timing of a "reserved plea" is significant not only because an "unreserved plea" waives all nonjurisdictional defects prior to the plea, but also because it is the policy in this state for all parties to "lay their cards on the table" before a guilty plea is accepted. See Rules 14.3(a) and (b), A.R.Crim.P. (mandating that the terms of a plea bargain agreement be disclosed "in open court prior to the time a plea is offered"); Ex parteYarber, 437 So.2d 1330 (Ala. 1983) (recognizing that the terms of a plea agreement must be presented to the trial court before the plea is entered); Ex parte Cassady, 486 So.2d 453, 456
(Ala. 1986) ("[i]f parties would reduce their plea agreements to writing and present them to the trial court prior to sentencing, rather than afterwards, . . . resolution of cases questioning the existence or contents of plea agreements would be greatly facilitated"); Ex parte Swain, 527 So.2d 1279, 1280
(Ala. 1988) (same); Congo v. State, 455 So.2d 896, 897
(Ala. 1984) (Adams, J., dissenting) ("[s]ince Yarber, if the prosecution and the defendant have reached an agreement, such agreement must be submitted to the trial judge"). When one party does not lay all his cards on the table before pleading guilty, he cannot expect either the trial court or a reviewing court to help him achieve the expectations he did not express at the time he pled guilty. See generally Yarber, supra, andBailey, supra.
Plea negotiations are "plainly premised on the notion of bargain and exchange." Tollett v. Henderson, 411 U.S. at 271,93 S.Ct. at 1610 (Marshall, J., dissenting). In this case, the defendant's plea negotiations with the State may have included a offer of leniency by the prosecutor which induced the defendant to abandon his meritorious challenge to the selection of the grand jury foreman. It is not unusual, "in return for relinquishing a constitutional challenge, [for] the offender [to] receive more lenient treatment." Id. Thus, we cannot be sure that leniency was not extended to the *Page 384 
appellant here precisely because the appellant agreed to abandon his challenge to the indictment, or that the appellant's decision to reinstate his challenge came only when he was denied probation.
We do not mean, by the foregoing statement, to impute improper motives to either party. In fact, based on the prosecutor's statement that "the State [was] not aware of any reservations as part of this plea bargain arrangement to appeal on any issue that has already been adjudicated by the Court," R. 18-19, it is likely that the issue underlying the appellant's motion to quash the indictment was simply not mentioned by either party during plea negotiations, and the appellant's failure to reserve that issue at the time of his plea was an oversight. Compare Ex parte Cassady, 486 So.2d 453,455 (Ala. 1986) (when the State made no objection to defense counsel's interpretation of plea agreement, "the attorney's statement was the only evidence of the contents of that agreement presented to the court, and, thus, it represented the agreement that the court was accepting"). Nevertheless, when the record shows that at the time a defendant pleads guilty, he does so without specific reservation, he must be deemed to have abandoned his challenge to all nonjurisdictional defects in the prior proceedings against him.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.