The appellant, Antonio Rivers, was arrested on outstanding traffic warrants. He was searched and approximately 24 grams of cocaine was found in his possession. Thereafter, he was indicted for the unlawful possession of cocaine and for failure to pay the drugs and controlled substances excise tax. After the trial court denied his motion to suppress the cocaine he pleaded guilty to both offenses. He was sentenced to five years' imprisonment on each conviction, with the sentences to run concurrently.
Evidence at the suppression hearing tended to show that Montgomery police officer Blake Trammer received information from a confidential informant that the appellant had checked into a local motel and that he had in his possession approximately one-half ounce of crack cocaine and an automatic weapon. Trammer set up surveillance, picked up seven traffic warrants that were outstanding against the appellant, and obtained from the desk clerk the key to the room rented to the appellant. After hearing and recognizing the appellant's voice, Trammer unlocked the door with the key and entered the room. He and the accompanying officers found the appellant, naked, standing between the bed and a chest of drawers, with what appeared to be a gun case on top of the chest within his reach. Trammer subdued the appellant and Officer Graves opened the case, which contained a submachine gun. A female, also naked, was seated on the bed. Graves's search of the drawer of the night stand revealed a paper bag containing crack cocaine and approximately $758 in currency.
The appellant contends: (1) that he has standing to contest the search of the motel room; (2) that his arrest on an outstanding traffic warrant was a mere pretext for an illegal search and seizure; and (3) that the search of the night stand drawer was beyond the scope of a search incident to his arrest. However, we cannot consider his arguments because the record is unclear as to whether they were properly preserved for appellate review.
The transcript of the plea hearing reveals that after the appellant informed the trial court that he pleaded guilty to both offenses *Page 34 
and after the trial court had accepted his plea, the appellant's attorney stated: "I'd like to put on the record that this plea is entered, reserving the right to appeal the court's denial of the motion to suppress." The trial judge then responded, "The court understands that."
In Prim v. State, 616 So.2d 381, 382-83 (Ala.Cr.App. 1993), this Court explained that a defendant is required to reserve any issue on which he wishes to appeal before entering his guilty plea:
 "[B]ecause a guilty plea waives all nonjurisdictional defects in proceedings occurring before the plea, Martin [v. State, 579 So.2d 69, 70
(Ala.Cr.App. 1991)] and 'a guilty plea represents a break in the chain of events which preceded it in the criminal process,' Tollett [v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235
(1973)], an unconditional plea must be taken to represent the defendant's decision to forego any challenge to events occurring before the plea. If the defendant does not intend to forego such challenges, he must make that intent clear before
he enters his plea."
(Emphasis added.)
The appellant, citing Sawyer v. State, 456 So.2d 110
(Ala.Cr.App. 1982), rev'd after record supplemented,456 So.2d 112 (Ala. 1983), requests that he be allowed to supplement the record or that we remand this cause to the trial court to allow the appellant to establish that the court and the district attorney were aware of his intent to appeal the adverse ruling on his motion to suppress. Because the record is unclear, we remand this cause to the trial court. On remand, the trial judge is to supplement the record to reflect whether there was a pre-existing agreement among the parties that the appellant had reserved the suppression issue for appeal. A return is to be filed with this Court within 45 days of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.