On Return to Remand
We remanded this cause for the trial court to supplement the record to reflect whether, before the entry of the appellant's guilty plea, an agreement was reached regarding reservation of the suppression issue. The court has filed its return, which states that the parties had agreed that the appellant was reserving this issue for appeal. The appellant therefore properly preserved the following issues for review: (1) whether he had standing to contest the search of the motel room; (2) whether his arrest on outstanding warrants was a mere pretext for an illegal search and seizure; and (3) whether the search of the nightstand was beyond the scope of a search incident to his arrest.
We need not address the second and third issues, however, because the appellant has failed to show that he had standing to challenge the search of the motel room in which the cocaine was found. In order to raise a Fourth Amendment claim, a defendant must assert a property or possessory interest in the property searched or seized or must show such an interest as to give him a legitimate expectation of privacy in the area searched. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421,58 L.Ed.2d 387 (1978). The appellant argues that he showed a legitimate expectation of privacy in the motel room because he excluded others by locking and chaining the door and refusing entry to the maid. However, this is not sufficient to show a property or possessory interest or to show that he had an interest in the motel room that would have made his subjective expectation of privacy reasonable.
At the suppression hearing, the appellant did not admit that he had been in possession of the seized cocaine.[1] Although his attorney informed the trial court that the appellant "had rented the room from the person who had rented the room from the motel," the appellant offered no evidence that this rental arrangement would confer in him an interest of any kind in the motel room. In addition, he failed to offer any evidence that such an arrangement actually had been made. The appellant therefore failed to show that he had any interest in the motel room or even that he was legitimately on the premises, so as to give rise to a reasonable expectation of privacy.
The only evidence before the trial court regarding the appellant's interest in the motel room was the testimony of Blake Trammer, a police officer who stated that the motel clerk had advised him that room 136 had been rented to a black male subject. Trammer said that he was "unfamiliar with the name" given to him by the clerk but that it was not that of the appellant, Antonio Rivers, or of the woman, Sherinita Martin, who was found in the room with the appellant. Based on the evidence, which indicated only that cocaine had been seized in a search of a third person's premises, the trial court did not err in determining that, under the totality of the circumstances, the appellant had no reasonable expectation of privacy in the motel room. The trial court's denial of *Page 36 
the appellant's motion to suppress is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] Thereafter, at the plea hearing, the appellant acknowledged that the cocaine was his.