BOWEN, Presiding Judge.
Millard Lett, the appellant, was charged in a two-count indictment with first degree rape and first degree sexual abuse. Upon the State’s agreement to nolle pros the rape count, the appellant pleaded guilty to the sexual abuse charge. He was sentenced to 20 years’ imprisonment. The appellant raises two issues on this direct appeal of his conviction.
I
The appellant claims that the trial court erred by overruling his motion for a mental exam to determine his sanity at the *1023 time of the alleged offense. This issue has not been preserved for review because it was not specifically reserved prior to the time the appellant entered his plea.
“[A] defendant must reserve his right to appeal an adverse ruling on a[n] issue arising before the plea ‘when the plea of guilty [is] entered,.’ The reason behind such a requirement is clear: because a guilty plea waives all nonjurisdictional defects in proceedings occurring before the plea, Martin [v. State, 579 So.2d 69, 70 (Ala.Cr.App.1991)], and ‘a guilty plea represents a break in the chain of events which has preceded it in the criminal process,’ Tollett [v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)], an unconditional plea must be taken to represent the defendant’s decision to forego any challenge to events occurring before the plea. If the defendant does not intend to forego such challenges, he must make that intent clear before he enters his plea.”
Prim v. State, 616 So.2d 381, 382-83 (Ala.Cr.App.1993) (emphasis in original).
II
The appellant argues that the circuit court erred by sentencing him even though he was not present at the sentencing hearing.
Attended by an attorney from the public defender’s office, the appellant entered his guilty plea on January 25, 1994. Sentence was pronounced on March 28, 1994. The appellant was not present at the sentencing hearing. At the sentencing hearing, the State introduced evidence that the appellant had thirteen prior felony convictions. Another attorney from the public defender’s office represented the appellant at the sentencing hearing.
Maintaining that the appellant had not received notice of the date of the hearing and had not waived his right to be present, the appellant’s counsel objected to proceeding in the appellant’s absence, but argued that if sentence were to be pronounced, it should be no more than 15 years imprisonment, the minimum punishment for a Class C felony after having been convicted of three or more prior felonies. See Ala.Code 1975, § 13A-5-9(c)(1). The court overruled the objection to proceeding in the appellant’s absence and pronounced a sentence of 20 years.
Rule 26.7, A.R.Crim.P., provides:
“The defendant has the right to be present at the sentence hearing and at sentencing. Failure of the defendant to appear at the hearing or for sentencing will not delay the pronouncement and entry of judgment and sentence if the defendant’s right to be present has been waived, either in writing or by the defendant’s nonappearance after notice of the time, date, and place of the sentence hearing or sentencing.”
In Flowers v. State, 608 So.2d 764, 765 (Ala.Cr.App.1992), this Court observed the following:
“Although Rule 26.7 appears to mandate that a defendant may not waive his presence at sentencing unless he has prior notice of the time, place and date of the sentencing proceedings, that rule must be read in conjunction with Rule 9.1, the general provision establishing a defendant’s right to be present at every stage of the trial. Rule 9.1 provides in pertinent part:
“ ‘(b) WAIVER OF THE RIGHT TO BE PRESENT.
‘“(1) Except as provided in subsection (2), a defendant may waive the right to be present at any proceeding in the following manner:
[[Image here]]
“‘(ii) By the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.’ ”
In the present case, the court made no finding that the appellant’s absence was voluntary or that the appellant, after having been informed of his right to be present at sentencing, had waived that right. It is unclear whether the appellant was served with notice of the time of the sentencing hearing. Under the circumstances, the circuit court violated Rule 26.7 by proceeding with the *1024 sentencing hearing in the appellant’s absence.
That violation was harmless, however, because the appellant received the same sentence he bargained for and of which he had been informed at the guilty plea proceeding. During the plea colloquy, the court inquired, “[W]hat does the State recommend upon a plea of guilty?” and the prosecutor replied:
‘Tour Honor, this is an open-ended plea, and I understand that there will be a request for a pre-sentence investigation. However, just for the record, the State will be recommending at the sentencing hearing a sentence of twenty years in the State penitentiary. And this will be based on the notice that — on the fact that he is a— on notice of habitual offender treatment under the rules of Alabama, and it has been given to the defense attorney on March 29, 1993.” R. 12.
At the plea proceeding, the appellant’s counsel stated that in discussing the plea with his client, he “pointed out ... that a conviction for rape in the first degree ... could possibly result in imposition of a life-without sentence because of his prior felonies. And that was a part of our discussion with [the appellant] concerning the settlement of the case.” R. 13-14.
In this case it is clear that the appellant’s decision to plead guilty to first degree sexual abuse, which is a Class C felony, Ala.Code 1975, § 13A-6-66(b), was prompted in large measure by his desire to avoid a conviction for first degree rape, which is a Class A felony, § 13A-6-61(b), and a sentence of life imprisonment without parole. The State’s recommendation of a 20-year sentence for the sexual abuse conviction was, therefore, part of the “bargain and exchange” inherent in the appellant’s plea. See Prim v. State, 616 So.2d at 383 (“[p]lea negotiations are ‘plainly premised on the notion of bargain and exchange’ ”) (quoting Tollett v. Henderson, 411 U.S. at 271, 93 S.Ct. at 1610) (Marshall, J., dissenting). There was no motion to withdraw the guilty plea.
Thus, although the circuit court violated Rule 26.7, the violation resulted in no prejudice to the appellant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.