920 So.2d 584 (2004)
Kerry Neal MULLINS
v.
STATE of Alabama.
No. CR-03-0910.
Court of Criminal Appeals of Alabama.
August 27, 2004.
Order Overruling Rehearing and Opinion Dissenting From Overruling of Rehearing October 29, 2004.
Chris S. Christ, Birmingham; and Paula F. Lampkin, Bessemer, for appellant.
*585 Troy King, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
BASCHAB, Judge.
DISMISSED BY UNPUBLISHED MEMORANDUM.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
Kerry Neal Mullins pleaded guilty to first-degree sodomy and was sentenced to 15 years in prison. On appeal, he takes issue with the trial court's denial of his motion to suppress a statement given to law enforcement officers. In its unpublished memorandum, the majority dismisses Mullins's appeal of his conviction and sentence based on its holding that Mullins did not preserve his argument for review on appeal. I respectfully dissent from that decision; I believe we should address the merits of Mullins's argument on appeal.
The majority relies on caselaw from this Court holding that a defendant must make clear his intent to preserve an issue for appeal before he enters his guilty plea. As I have stated before, see, e.g., Ginn v. State, 894 So.2d 793 (Ala.Crim.App.2004) (Cobb, J., dissenting), and Lewis v. State, 890 So.2d 214 (Ala.Crim.App.2003) (Cobb, J., dissenting), I believe that we should reexamine our caselaw and its applications to cases such as this one where the trial court has assured the defendant that his argument has been preserved for appellate review.
Previously, we have held:
"It is clear that by pleading guilty, a defendant waives all nonjurisdictional defects occurring before the plea. See, e.g., Martin v. State, 579 So.2d 69, 70 (Ala.Cr.App.1991). Because `a guilty plea represents a break in the chain of events which has preceded it in the criminal process,' Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), we have required a defendant who wishes to appeal an adverse ruling on an issue raised prior to the entry of the plea to inform the trial court, at the time he enters his plea, that he intends to reserve that issue for appeal. See Sawyer v. State, 456 So.2d 110 (Ala.Cr.App.1982), reversed after record supplemented, 456 So.2d 112 (Ala.1983). The defendant's plea is, in effect, conditioned on his right to appeal the prior adverse ruling. See 2 W. LaFave & J. Israel, Criminal Procedure, § 20.6(b) (1984). Recently, Justice Maddox summarized the Alabama law on this point as follows:
"`Ordinarily, a guilty plea waives all nonjurisdictional matters, including a trial court's refusal to suppress evidence, but this Court has, by case law, permitted an exception to that general rule when a defendant specifically reserves his or her right to appeal such a ruling on a motion to suppress, as this petitioner did. Ex parte Sawyer, 456 So.2d 112 (Ala.1983) (defendant allowed to supplement record on appeal to show that search and seizure issue was reserved when the plea of guilty was entered).'
"Ex parte Hergott, 588 So.2d 911, 916 (Ala.1991) (Maddox, J., dissenting) (emphasis in original).
"As Justice Maddox's parenthetical explanation of Sawyer indicates, a defendant must reserve his right to appeal an adverse ruling on an issue arising before the plea `when the plea of guilty [is] entered.' The reason behind such a requirement is clear: because a guilty plea waives all nonjurisdictional defects in proceedings occurring before the plea, Martin, supra, and `a guilty plea represents *586 a break in the chain of events which has preceded it in the criminal process,' Tollett, supra, an unconditional plea must be taken to represent the defendant's decision to [forgo] any challenge to events occurring before the plea. If the defendant does not intend to [forgo] such challenges, he must make that intent clear before he enters his plea."
Prim v. State, 616 So.2d 381, 382-83 (Ala. Crim.App.1993). See also Rule 14.4(a)(1)(viii), Ala. R.Crim. P.
In this case, during Mullins's plea colloquy, the trial court accepted Mullins's plea, after which the following exchange occurred:
"[Defense counsel]: For the record, we had an issue. We are going to bring that up later.
"THE COURT: Y'all are preserving the issue. I do understand that you are in fact preserving for appeal the issue of the Court's ruling on the suppression hearing on the motion to suppress. Not to give a whole argument away at this time in the record but the basic motion had to do with the defendant's lack of understanding of Miranda and his inability to understand Miranda and the warnings that were provided to him and the Court's denial of that motion to suppress. And the Court understands the defendant is continuing to preserve that motion. It will preserve that motion post plea post sentence and [you] may appeal on that issue.
"[Defense counsel]: Thank you, sir."
(R. 178-79.)
Although the objection was in fact entered after the trial court had accepted the plea, the trial court allowed Mullins to preserve the suppression issue for appellate review.
I am concerned that the trial court's agreement to allow Mullins to preserve this issue for appellate review was part and parcel of his guilty plea agreement. It is more than probable that trial counsel informed Mullins that, although he was pleading guilty, he was nonetheless preserving the suppression issue for appellate review; the trial court itself assured Mullins of that fact. One must ask whether Mullins would have pleaded guilty if he had thought that this issue had not been preserved for appellate review. Cf. Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."). That is, I am concerned that by holding that this issue was in fact not preserved for appellate review, when the defendant was apprised by both counsel and the trial court that the issue was preserved, the majority is nullifying a portion of the plea agreement, and, in turn, rendering this guilty plea involuntary. McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ("In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." (Emphasis added.)).
I point out that this Court has addressed the merits of an argument on appeal, although the only indication that the argument was preserved came from an ambiguous comment from the trial court following the acceptance of the defendant's guilty plea and sentencing. In Glover v. State, 599 So.2d 79, 80 (Ala.Crim.App. 1992), before addressing the appellant's argument regarding his detainer, this Court reasoned:
"`By pleading guilty, [a defendant waives] all nonjurisdictional defects, including *587 any violation of the Uniform Mandatory Disposition of Detainers Act.' Tombrello v. State, 484 So.2d 1190, 1191 (Ala.Cr.App.1985). See also Martin v. State, 579 So.2d 69, 70 (Ala.Cr. App.1991). However, `[t]he caselaw of Alabama allows a criminal defendant to plead guilty and, with consent of the trial court, to reserve the right to appeal adverse pretrial rulings.' Ex parte Hergott, 588 So.2d 911, 915 (Ala.1991). The Attorney General argues that the appellant has failed to preserve any issue for review. Here, there is a question as to whether the trial court `clearly assured the appellant that [he] could still present the claimed nonjurisdictional issue ... despite [his] guilty plea.' German v. State, 492 So.2d 622, 624 (Ala.Cr.App. 1985) (emphasis added [in Glover]).
"The first and only indication that this issue was preserved for appeal occurred after the appellant had been adjudged guilty and sentenced.
"`[DEFENSE COUNSEL]: As the Court stated, we filed a motion to dismiss and it was denied. We would like to preserve that issue for appeal.
"`THE COURT: I will appoint you to represent him on the appeal. File with the court reporter those papers pertaining to the unlawful detainer.' R. 24-25.
"The implication from the remarks of the trial judge is that he would permit the appellant to appeal the issue concerning the detainer."
(Second emphasis added.) This Court then went on to hold that Glover's claim was waived  not because of his untimely statement of preservation to the trial court during the guilty plea colloquy  but because he did not timely object at trial when the trial court set the trial date beyond the 180-day limit.
Additionally, in Bailey v. State, 375 So.2d 519 (Ala.Crim.App.1979), we held that where a defendant who was pleading guilty to robbery was assured by the trial court that he could present his speedy-trial argument on appeal, fairness required the case to be remanded so that the defendant could withdraw his guilty plea or the trial court could conduct a hearing on his speedy-trial argument. In reaching this conclusion, we reasoned:
"The cases are legion that a guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against the accused. Lancaster v. State, 362 So.2d 271 (Ala.Cr.App.), cert. denied, Ex parte Lancaster, 362 So.2d 272 (Ala. 1978); Camp v. State, 359 So.2d 1187 (Ala.Cr.App.1978). A claim of a denial of a speedy trial in violation of the Sixth Amendment is waived by an unqualified plea of guilty. State v. Willis, 42 Ala. App. 414, 166 So.2d 917 (1964); Duncan v. State, 42 Ala.App. 509, 169 So.2d 439 (1964); 57 A.L.R.2d 302, § 13 (1958).
"However[,] it is equally well settled that a guilty plea is invalid unless voluntarily given by a defendant with a full understanding of the possible consequences of the plea. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The subjective beliefs or expectations of a defendant on such matters as to the amount of sentence that will be imposed, or the hope of leniency, unsupported by any promises from the State or indications from the Court, are insufficient to invalidate a guilty plea as unknowing or involuntary. United States v. Maggio, 514 F.2d 80, 88 (5th Cir.1975). It is logical that this same rule should apply to the subjective beliefs of a defendant with regard to what matters can be appealed after *588 pleading guilty. However[,] fundamental fairness dictates that such a rule should not apply where the trial court has assured the defendant that he may still present the issue of speedy trial on appeal despite his guilty plea. In the Second Federal Judicial Circuit it is settled law that a point may be preserved for appeal despite the plea of guilty provided the reservation is accepted by the Court with the government's consent. United States v. Mann, 451 F.2d 34[6] (2nd Cir.1971). See also Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975)."
375 So.2d at 521.
I recognize that in Bailey the defendant raised his issue for preservation before he entered his guilty plea, as opposed to this case, in which Mullins raised his issue for preservation after he entered his guilty plea. However, I think that Bailey, like Glover, involves the same inquiry into the fundamental fairness of the situation. Thus, because I believe that the trial court allowed Mullins to preserve this issue for appellate review, that is, because Mullins's subjective view upon pleading guilty was that this issue was preserved for appellate review, I would address the merits of the issue.

On Application for Rehearing
BASCHAB, Judge.
APPLICATION FOR REHEARING OVERRULED.
McMILLAN, P.J., and WISE, J., concur; COBB, J., adheres to original dissent; SHAW, J., dissents, with opinion.
SHAW, Judge, dissenting.
I respectfully dissent from the denial of Kerry Neal Mullins's application for rehearing of this Court's dismissal, by unpublished memorandum, of his appeal. Mullins v. State, 920 So.2d 584 (Ala.Crim. App.2004). Although I originally concurred to dismiss this appeal on the ground that Mullins had failed to properly reserve the right to appeal the trial court's denial of his motion to suppress before entering his plea, upon further review, I believe the record is ambiguous in this regard. In response to the statement by Mullins's counsel that there was an issue to be reserved for appeal, made after the trial court had accepted Mullins's plea, the court stated:
"Y'all are preserving the issue. I do understand that you are in fact preserving for appeal the issue of the Court's ruling on the suppression hearing on the motion to suppress. Not to give a whole argument away at this time in the record but the basic motion had to do with the defendant's lack of understanding of Miranda and his inability to understand Miranda and the warnings that were provided to him and the Court's denial of that motion to suppress. And the Court understands the defendant is continuing to preserve that motion. It will preserve that motion post-plea and post-sentence and may appeal on that issue."
(R. 178-79.) (Emphasis added.) The trial court's reference to Mullins's "continuing" to preserve the issue suggests that there may have been a preexisting agreement between the parties that Mullins was reserving his right to appeal as to the suppression issue. Therefore, based on Smith v. State, 884 So.2d 3 (Ala.Crim.App.2003), and Rivers v. State, 666 So.2d 33 (Ala. Crim.App.1994), I would grant Mullins's application for rehearing and remand this case for the trial court to supplement the record so as to clarify whether there was a preexisting agreement between the parties that Mullins was reserving the right to appeal as to the suppression issue.