SHAW, Judge.
Shannon Martica Lewis was indicted for the unlawful manufacture of a controlled substance in the second degree by possessing a precursor chemical' — pseudoephed-rine — with the intent to unlawfully manufacture methamphetamine, a violation of § 13A-12-217, Ala.Code 1975. On May 26, 2004, Lewis entered a guilty plea to the charged offense. Lewis was sentenced to five years’ imprisonment; however, her application for probation was granted and she was placed on three years’ supervised probation.
On appeal, Lewis’s sole contention is that § 13A-12-217, Ala.Code 1975, requires that a person charged under this section possess more than one of the chemicals listed in § 20-2-181, Ala.Code 1975. The basis for Lewis’s contention is that § 13A-12-217(a)(2), Ala.Code 1975, prohibits the possession of “precursor substances” listed in § 20-2-181, not the possession of a “precursor substance” and that she only possessed one precursor substance — pseudoephedrine.
However, for the reasons discussed below, this case is due to be remanded for the trial court to determine whether there was a preexisting agreement between Lewis and the State that Lewis had reserved the above-stated issue for appellate review.
The following transpired at the May 26, 2004, hearing:
“THE COURT: Are you guilty as charged?
“MS. LEWIS: Yes, sir.
“THE COURT: Tell me what you did that led to this charge against you.
“MS. LEWIS: I possessed and — buying three boxes of Sudafed [brand over-the-counter sinus medication] — pseu-doephedrine — from Wal-Mart [discount department store].
“THE COURT: And those are substances used in the manufacture of the methamphetamine; is that correct?
“[Lewis’s attorney]: Yes, sir.
“THE COURT: Answer out.
“MS. LEWIS: Yes, sir.
“THE COURT: Do you concur in her plea of guilty?
“[Lewis’s attorney]: Yes, sir.
“THE COURT: It is the judgment of the Court that your plea of guilty is intelligently and understanding^ made and that the plea is voluntary and there are facts to support the plea. I will allow you to withdraw your plea of not guilty. I accept your plea of guilty. I find that you are guilty of the manufacture of a controlled substance as *37 charged in the indictment, a class B felony.
“Do you have anything to say before the Court passes sentence?
“[Lewis’s attorney]: Yes, sir. We are reserving an issue for appeal in this matter. Would the Court like for me to go ahead with that at this time?
“THE COURT: Go ahead. You previously brought this up to the Court so I am aware of it. Go ahead and place on the record the technical-legal issue that you seek to appeal.
“[Lewis’s attorney]: Section 13A-12-217 states: A person commits the crime of unlawful manufacture of a controlled substance in the second degree if, except as otherwise authorized in state or federal law, he or she does any of the following: (under subsection two of which Ms. Lewis is charged) possesses precursor substances (substances being a plural word) as determined in Section 20-2-181, in any amount with the intent to unlawfully manufacture a controlled substance.
“In this case Ms. Lewis is charged, according to the indictment, with possessing precursor substances (s for plural) to-wit, pseudoephedrine, pursuant to 20-2-181. And under ... 20-2-181, pseudoephedrine is a listed article under number 15.
“Your Honor, the legal issue is that 13A-12-217 specifically uses the word possesses precursor substances, in the plural. Substances being a plural word requires that two or more of the items listed under Section 20-2-181 be alleged in the indictment.
“It is our position that it requires two of those items. She is indicted on one item. We are reserving the issue for appeal that under that section to be properly indicted, there must be two or more items listed and proved from the list under 20-2-181.
“THE COURT: All right. You have that preserved at this time.”
(R. 6-9; emphasis added.)
Initially, we note that Rule 14.4(a)(l)(viii), Ala.R.Crim.P., states that the trial court should determine that the defendant understands:
“The fact that there is no right to appeal [from a guilty plea] unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved.”
(Emphasis added.) However, as previously noted, the trial court stated that Lewis’s attorney had “previously brought this up to the Court” (R. 7), in response to the statement made by Lewis’s attorney that Lewis was “reserving an issue for appeal in this matter.” (R. 7.) In two cases previously decided by this Court, we have remanded under similar circumstances.
In Smith v. State, 884 So.2d 3 (Ala.Crim.App.2003), this Court quoted the following from Smith’s December 5, 2002, guilty-plea colloquy:
“ ‘THE COURT: To the indictment in this case, how do you plead, guilty or not guilty?
“ ‘[SMITH]: Guilty.
“ ‘THE COURT: Upon your plea of guilty, it is the judgment of the Court that you are guilty. Do you have anything to say as to why a sentence of law should not be pronounced upon you at this time?
“ ‘[SMITH’S ATTORNEY]: Judge, I do have something — I don’t know if this is the right time. I do want to reserve the right to appeal the denial *38 of the suppression hearing [sic] we had last week.
“ ‘THE COURT: Yeah. That’s right. It rang a bell.
“‘[SMITH’S ATTORNEY]: But I do specifically want to reserve that right.
“ ‘THE COURT: Yeah. That is one of the bases for doing that.
“ ‘[SMITH’S ATTORNEY]: Yes, sir.
“ ‘THE COURT: And that right is reserved.
“ ‘[SMITH’S ATTORNEY]: Yes, sir. Nothing else, Judge.’
“(R. 4-7, December 5, 2002, hearing.)” 884 So.2d at 6. In Smith, 884 So.2d at 7, this Court stated:
“In the present ease, the record is unclear as to the meaning of the trial court’s response of ‘Yeah. That’s right. It rang a bell.’ (R. 7) to Smith’s attorney’s statement, ‘Judge, I do have something — I don’t know if this is the right time. I do want to reserve the right to appeal the denial of the suppression hearing we had last week.’ (R. 7.) Did the trial court’s response mean that it remembered the suppression hearing or that it remembered that following the suppression hearing Smith’s attorney had indicated his desire to reserve the right to appeal the denial of his motion to suppress? In light of Rivers [v. State, 666 So.2d 33, 33-34 (Ala.Crim.App.1994) ], we remand this cause for the trial court to supplement the record to clarify whether there was a preexisting agreement between the parties that Smith was reserving the right to appeal the suppression issue.”
In our opinion issued on return to remand, this Court stated:
“On remand, the trial court stated that it recalled that ‘at the suppression hearing held several days before the guilty plea, [Smith] announced his intention, by and through his attorney, to reserve the right to appeal the suppression hearing issue upon [a] plea of guilty.’ (Supplemental record, C. 5.) Because it appears that Smith properly reserved the right to appeal the issue raised at the suppression hearing, we will now address the issues raised on appeal.”
Smith v. State, 884 So.2d 3, 8 (Ala.Crim.App.2003) (opinion on return to remand).
In Rivers v. State, 666 So.2d 33 (Ala.Crim.App.1994), this Court stated:
“The transcript of the plea hearing reveals that after the appellant informed the trial court that he pleaded guilty to both offenses and after the trial court had accepted his plea, the appellant’s attorney stated: ‘I’d like to put on the record that this plea is entered, reserving the right to appeal the court’s denial of the motion to suppress.’ The trial judge then responded, ‘The court understands that.’
“In Prim v. State, 616 So.2d 381, 382-83 (Ala.Cr.App.1993), this Court explained that a defendant is required to reserve any issue on which he wishes to appeal before entering his guilty plea:
“ ‘[B]eeause a guilty plea waives all non-jurisdictional defects in proceedings occurring before the plea, Martin [v. State, 579 So.2d 69, 70 (Ala.Cr.App.1991) ] and “a guilty plea represents a break in the chain of events which preceded it in the criminal process,” Tollett [v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ], an unconditional plea must be taken to represent the defendant’s decision to [forgo] any challenge to events occurring before the plea. If the defendant does not intend to [forgo] such challenges, he *39 must make that intent clear before he enters his plea.’
“(Emphasis added.)
“The appellant, citing Sawyer v. State, 456 So.2d 110 (Ala.Cr.App.1982), rev’d after record supplemented, 456 So.2d 112 (Ala.1983), requests that he be allowed to supplement the record or that we remand this cause to the trial court to allow the appellant to establish that the court and the district attorney were aware of his intent to appeal the adverse ruling on his motion to suppress. Because the record is unclear, we remand this case to the trial court. On remand, the trial judge is to supplement the record to reflect whether there was a preexisting agreement among the parties that the appellant had reserved the suppression issue for appeal.”
666 So.2d at 33-34.
In this Court’s opinion issued on return to remand, we stated:
“We remanded this cause for the trial court to supplement the record to reflect whether, before the entry of the appellant’s guilty plea, an agreement was reached regarding reservation of the suppression issue. The court has filed its return, which states that the parties had agreed that the appellant was reserving this issue for appeal.”
Rivers v. State, 666 So.2d 34, 35 (Ala.Crim.App.1994). Based on the trial court’s statement in its return to remand, this Court proceeded to review the merits of the issue raised on appeal.
Thus, before this Court can review the merits of the issue Lewis raises on appeal, we must remand this case for the trial court to supplement the record to clarify whether Lewis and the State had a preexisting agreement that Lewis was reserving the right to appeal the issue she now raises on appeal. See Smith, supra; and Rivers, supra. Due return shall be filed with this Court no later than 28 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, J., concur. BASCHAB, J., dissents, with opinion, which WISE, J., joins.