912 So.2d 290 (2005)
Barbara FUQUA
v.
STATE of Alabama.
CR-03-1440.
Court of Criminal Appeals of Alabama.
January 28, 2005.
Russell Crumbley, Huntsville, for appellant.
Troy King, atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
PER CURIAM.
On April 16, 2004, pursuant to a negotiated plea agreement, Barbara Fuqua pleaded guilty to first-degree possession of marijuana, a violation of § 13A-12-213, Ala.Code 1975. The trial court sentenced her to 18 months in prison, but suspended the sentence and placed her on probation for 2 years. The trial court also ordered her to pay $1,000 pursuant to the Drug Demand Reduction Assessment Act and *291 $100 to the Alabama Department of Forensic Sciences Trust Fund. This appeal followed.
On appeal, Fuqua argues that the trial court erred by denying her motion to suppress. Before trial, Fuqua moved the trial court to suppress evidence in the form of a plastic sandwich bag containing marijuana that fell from underneath her shirt while she was being patted down at the scene of her friend's arrest for driving under the influence of alcohol. After an evidentiary hearing, the trial court denied the motion on April 7, 2004. On April 16, 2004, during the guilty plea colloquy, but before she entered her guilty plea, counsel made reference to "the qualifications of the issues we're going to appeal." (R. 23.) After the plea had been entered and Fuqua had been sentenced, counsel stated: "Judge, just for the record, the prosecutor and I have agreed that we will be reserving the issue of the search and seizure as well as objections at the suppression hearing. . . ." (R. 26.) On May 14, 2004, Fuqua filed a "Motion for Reconsideration, or for Retrial"[1] in which she took issue with the trial court's denial of her motion to suppress. (R. 22.)
"Pursuant to Rule 14.4(a)(1)(viii)[, Ala. R.Crim. P.,] and Rule 26.9(b)[, Ala. R.Crim. P.], a defendant may appeal a guilty-plea conviction if: (1) the defendant `expressly reserved the right to appeal with respect to a particular issue or issues' before entry of the plea, Rule 14.4(a)(1)(viii), or (2) the defendant `has timely filed a motion to withdraw the plea of guilty and the motion has been denied,' Rule 26.9(b)(4)(ii)."
Ingram v. State, 882 So.2d 374, 376 (Ala. Crim.App.2003).
We have recently addressed a case similar to the case at hand. In Lewis v. State, 911 So.2d 35 (Ala.Crim.App.2005), we remanded that case for the trial court to clarify whether the appellant and the State had had a preexisting agreement to allow the appellant to preserve her argument for appellate review. In doing so, we quoted the following from Rivers v. State, 666 So.2d 33 (Ala.Crim.App.1994):
"In Prim v. State, 616 So.2d 381, 382-83 (Ala.Cr.App.1993), this Court explained that a defendant is required to reserve any issue on which he wishes to appeal before entering his guilty plea:
"`[B]ecause a guilty plea waives all non-jurisdictional defects in proceedings occurring before the plea, Martin [v. State, 579 So.2d 69, 70 (Ala.Cr.App. 1991)] and "a guilty plea represents a break in the chain of events which preceded it in the criminal process," Tollett [v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)], an unconditional plea must be taken to represent the defendant's decision to [forgo] any challenge to events occurring before the plea. If the defendant does not intend to [forgo] such challenges, he must make that intent clear before he enters his plea.'
"(Emphasis added.)
"The appellant, citing Sawyer v. State, 456 So.2d 110 (Ala.Cr.App.1982), rev'd after record supplemented, 456 So.2d 112 (Ala.1983), requests that he be allowed to supplement the record or that we remand this cause to the trial court to allow the appellant to establish that the court and the district attorney were aware of his intent to appeal the adverse ruling on his motion to suppress. Because the record is unclear, we remand this cause to the trial court. On remand, *292 the trial judge is to supplement the record to reflect whether there was a pre-existing agreement among the parties that the appellant had reserved the suppression issue for appeal."
666 So.2d at 34.
Therefore, before we review the merits of Fuqua's argument, in light of Lewis and the underlying caselaw, we remand this case for the trial court to clarify whether Fuqua and the State had a preexisting agreement that allowed Fuqua to reserve the right to appeal the issue she now raises on appeal. Due return shall be made to this Court within 28 days of the date of this decision.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur. COBB, J., concurs specially, with opinion.
COBB, Judge, concurring specially.
I agree that this case should be remanded to clarify whether there was a preexisting agreement between Fuqua and the State to reserve her issues for appeal. However, because I also believe that the trial court has apparently assured the defendant that her argument has been preserved for appellate review, I write specially to adopt the reasoning in my special writings in Mullins v. State, [Ms. CR-03-0910, August 27, 2004] ___ So.2d ___ (Ala.Crim.App.2004) (Cobb, J., dissenting); Ginn v. State, 894 So.2d 793 (Ala.Crim. App.2004) (Cobb, J., concurring in part and dissenting in part); and Lewis v. State, 890 So.2d 214 (Ala.Crim.App.2003) (Cobb, J., dissenting).
NOTES
[1] In this motion, Fuqua did not request that she be allowed to withdraw her guilty plea or that she be resentenced.
[*] Note from the reporter of decisions: On May 13, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.