The defendant Huston Waymor Coulliette was charged with the misdemeanor offenses of driving on the wrong side of the road and driving under the influence of alcohol. The Shelby County District Court found Coulliette guilty of the charged offenses. Coulliette appealed to the Shelby County Circuit Court for a trial de novo, by jury. Before trial, Coulliette *Page 794 
moved to suppress the blood-alcohol test results from Intoxilyzer 5000 ("I-5000") tests administered to Coulliette after his arrest. The test results were .24 and .25. The trial court denied the motion to suppress and, likewise, at trial, denied several oral motions by Coulliette to exclude the test results. A jury found Coulliette guilty of the charged offenses, and the trial court adjudged him guilty and sentenced him accordingly.
Appealing to the Court of Criminal Appeals, Coulliette stated:
 "Appellant herein submits this his appeal on one issue: Did appellant prove the lack of `scientific acceptability' in the record (history) keeping process of the `logs' to cause the trial court to commit error in admission of test results? And, as a direct consequence thereof, was the jury affected, adversely, by the admission of tests results, thereby denying appellant of a fair trial."
Coulliette cited Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579
(1993), and Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), to the Court of Criminal Appeals in support of this issue.
Holding in an unpublished memorandum that Coulliette had not preserved this issue for review, the Court of Criminal Appeals affirmed Coulliette's convictions and sentences. Coulliette v. State, (No. CR-99-2204, March 23, 2001) 821 So.2d 1034 (Ala.Crim.App. 2001) (table). The Court of Criminal Appeals also overruled Coulliette's application for rehearing and denied his motion to supplement the facts in the memorandum. Coulliette then petitioned this Court for certiorari review, and we granted his petition and heard oral arguments.
Before us, Coulliette argues that the Court of Criminal Appeals erred in holding that he did not preserve his issue for review. This opinion will address only this preservation issue now before us.
For preservation, Coulliette relies on his motion to suppress, which the trial court denied after receiving evidence and arguments at a full hearing. The evidence at the hearing tended to prove that the Department of Forensic Sciences and the Department of Public Safety intentionally prevented information about malfunctions and errors in I-5000 machines from being disclosed in the logbooks kept for those machines. In the suppression motion proceedings, Coulliette argued essentially only that this practice deprived him of discovery he was due and corrupted proceedings based on the results of I-5000 blood-alcohol tests. In the proceedings before the trial court on the motion to suppress, Coulliette did not in any words or in any way argue the issue of scientific acceptability or the law of either Daubert or Frye, the threshold issue and law he later presented to the Court of Criminal Appeals for review.
"Review on appeal is restricted to questions and issues properly and timely raised at trial." Newsome v. State, 570 So.2d 703, 717
(Ala.Crim.App. 1989). "An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented." Pate v. State, 601 So.2d 210, 213
(Ala.Crim.App. 1992). "'[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof." McKinney v. State,654 So.2d 95, 99 (Ala.Crim.App. 1995) (citation ommitted). "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "The purpose of *Page 795 
requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury." Exparte Works, 640 So.2d 1056, 1058 (Ala. 1994).
 "The motion [to suppress] did not give the trial court notice of the specific issues [Coulliette] . . . raise[d] in his brief to [the Court of Criminal Appeals]. Therefore, the trial court did not have the opportunity to rectify these alleged errors. . . . [Coulliette's] motion was not sufficient to preserve the issues presented by [him] in his brief."
Acree v. State, 673 So.2d 855, 856 (Ala.Crim.App. 1995). Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.