[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 503 
The unpublished memorandum issued on November 19, 2004, is withdrawn, and the following opinion is substituted therefor.
Pursuant to a plea agreement with the State, John Bryant Mitchell pleaded guilty to the unlawful manufacture of a controlled substance (methamphetamine) in the second degree, a violation of § 13A-12-217(a)(2), Ala. Code 1975. He was sentenced, in accordance with the plea agreement and as a habitual offender with one prior felony conviction, to 10 years' imprisonment; the sentence was split, and he was ordered to serve 18 months in confinement followed by probation.[1]
On appeal, Mitchell presents two issues for our review: (1) whether the crime of unlawful manufacture of methamphetamine under § 13A-12-217(a)(2), Ala. Code 1975 (providing that "[a] person commits the crime of unlawful manufacture of a controlled substance in the second degree if, except as otherwise authorized in state or federal law, he or she . . . [p]ossesses precursor substances as determined in Section 20-2-181, in any amount with the intent to unlawfully manufacture a controlled substance" (emphasis added)) requires possession of more than one precursor substance, and (2) whether the trial court's sentencing order is deficient because it does not contain a specific statement "adjudicating the defendant to be guilty of any criminal violation." (Mitchell's brief at p. 16.)[2] Neither of these issues are properly before this Court for review because they were never presented to the trial court.
The record reflects that, as part of his plea agreement with the State, before entering his plea Mitchell expressly reserved the right to appeal as to issue (1), as set out above. The written plea agreement states: "[Mitchell] specifically reserves the issue of the proper interpretation of [§] 13A-12-217(a)(2) for appellate review." (C. 10.) During the guilty-plea colloquy, after advising Mitchell of his rights and explaining the ranges of punishment, the trial court stated: "There's a portion on [theIreland form][3] where it talks about giving [up] your rights to appeal and you are reserving no issues for appellate review but it's my understanding that you are going to reserve one specific issue for *Page 504 
appellate review, is that correct?" (R. 8.) Mitchell's counsel then explained:
 "Specifically, Your Honor, we raise the issue with the interpretation of the Code of Alabama Section 13A-[12]-217 as to it's meaning under the terms of subsection [(a)(2)] substances versus substances [sic] which are listed in the precursory list under that statute. . . . Mr. Mitchell's understanding that it's meant to include two or more of those substances before a conviction can be made."
(R. 8.) Later during the colloquy, the trial court again noted that Mitchell was reserving his issue relating to §13A-12-217(a)(2). Also, in its sentencing order, the trial court noted: "Defendant specifically reserves the issue of the proper interpretation of Code of Alabama, Section 13A-12-217(a)(2) for appellate review. No other issues are reserved." (C. 12-13.)
However, Mitchell never presented issue (1) to the trial court before reserving it for appeal. The record contains no motion to dismiss the indictment or any other pretrial motion seeking to have the trial court interpret the language he now challenges in § 13A-12-217(a)(2). There is also no transcript of any pretrial hearing during which Mitchell presented the issue to the trial court orally, and there is no ruling by the trial court anywhere in the record with respect to this issue.
In Robinson v. State, 865 So.2d 457 (Ala.Crim.App. 2003), this Court was faced with an identical situation. In that case, we stated:
 "Next, Robinson contends that the trial court should have suppressed the marijuana evidence because, he says, the State failed to prove the chain of custody of that evidence.
 ". . . .
 "The only issue Robinson raised in the trial court was the State's failure to produce a document detailing the chain of custody of the marijuana evidence. Robinson never requested that the State present testimony as to its chain of custody, and he never moved to suppress the marijuana evidence; in fact, other than a cursory motion to dismiss, Robinson never even alleged, as he now does on appeal, that there was no chain of custody. Although Robinson expressly reserved the right to appeal the issue whether the chain of custody was proven at the time he entered his guilty plea, the record reflects that Robinson never moved to suppress the marijuana evidence on the ground that the State failed to prove the chain of custody before he entered his plea. Robinson cannot expressly reserve the right to appeal a pretrial issue that was, in fact, never presented to the trial court before trial.
 "Consequently, the issue now presented by Robinson is not properly before this Court for review. `An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.' Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App. 1992). Furthermore, `[t]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). Whether the marijuana evidence should have been suppressed because there was no chain of custody is not properly before this Court for review."
865 So.2d at 470-72 (emphasis added). Although Mitchell expressly reserved the right to appeal the issue of the proper interpretation of § 13A-12-217(a)(2) before entering his plea, thus invoking his limited right to appeal (see note 4, infra), he failed to properly preserve the issue for review. *Page 505 
Reserving the right to appeal an issue is not the equivalent of preserving an issue for appellate review. To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained. The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any error. See, e.g., Ex parte Coulliette,857 So.2d 793 (Ala. 2003). To reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all nonjurisdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all nonjurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entry of the plea. See, e.g., Prim v. State,616 So.2d 381 (Ala.Crim.App. 1993). Reserving an issue for appeal avoids the waiver effect of the guilty plea, but it does not preserve the issue for appellate review.[4] Thus, in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.
In this case, Mitchell reserved issue (1) for appeal; however, he failed to preserve it by filing a timely motion and/or objection with the trial court and obtaining an adverse ruling on the motion or objection. Therefore, it is not properly before this Court for review.
Issue (2), as set out above, is likewise not properly before this Court for review because it, too, was never presented to the trial court. Mitchell did not object to the trial court's sentencing order or file a motion to withdraw his plea. "An issue raised on an appeal from a guilty plea must be preserved by an objection, a motion to withdraw the plea, or a motion for a new trial." Cochran v. State, 808 So.2d 1226, 1227 (Ala.Crim.App. 2000). "Review on appeal is limited to review of questions properly and timely raised at trial." Newsome v. State,570 So.2d 703, 716 (Ala.Crim.App. 1989).
Based on the foregoing, we affirm the judgment of the trial court.
UNPUBLISHED MEMORANDUM OF NOVEMBER 19, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] As part of the same agreement, Mitchell also pleaded guilty to the unlawful possession of a controlled substance (methamphetamine), a violation of § 13A-12-212(a)(1), Ala. Code 1975. The sentences for both convictions were to run concurrently. Mitchell does not challenge in this appeal his conviction and sentence for possession of methamphetamine.
[2] We note that Mitchell does not contend that the trial court did not, in fact, adjudicate him guilty; he states in his brief that, after accepting the plea, the court "proceeded to adjudicate the defendant to be guilty." (Mitchell's brief at p. 7.) His only argument appears to be that the court's sentencing order does not specifically state that there had been an adjudication.
[3] Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
[4] Reserving an issue before a guilty plea is entered is also one of two methods by which a defendant may invoke the limited right to appeal a guilty-plea conviction. See Rule 14.4(a)(1) (viii), Ala.R.Crim.P. The other method is by filing a motion to withdraw the guilty plea. See Rule 26.9(b), Ala.R.Crim.P.