Anthony Lynn Knight pleaded guilty to unlawful possession of a controlled substance, cocaine, a violation of §13A-12-212, Ala. Code 1975, and to harassment, a violation of § 13A-11-8(a)(1), Ala. Code 1975. He was sentenced to two years' imprisonment for the possession conviction and to six months' imprisonment in the city jail for the harassment conviction, the sentences to run concurrently. Both sentences were suspended, and Knight was placed on one year's probation for both convictions; for the harassment conviction, he was also ordered to spend four consecutive weekends in the city jail beginning October 8, 2004.
Before entering his guilty pleas, Knight "reserve[d] the suppression [issue] that [he] previously had a hearing on." (R. 38.) On appeal, Knight argues that this Court should reverse the trial court's denial of his motion to suppress.
The record reflects that Knight filed a motion to suppress, in which he contended that all the evidence in this case should be suppressed as fruit of the poisonous tree because, he said, all the evidence was discovered as a result of an illegal stop and search. Specifically, he contended that the anonymous tips received by the Montgomery Police Department on August 10, 2002, did not have the requisite indicia of reliability to justify a Terry[1] stop of the vehicle in which Knight was a passenger.
On July 14, 2003, the trial court conducted a hearing on Knight's suppression motion. At the suppression hearing, Terrence James, an officer with the Montgomery Police Department, testified that on the evening of August 10, 2002, a BOLO (be on the lookout) was issued for a full-size red pickup truck. The BOLO was issued pursuant to a call dispatch had received indicating that people in a full-size red pickup truck were exchanging gunfire with people in a bluish-gray compact-size vehicle near Highland Avenue and Ann Street in Montgomery. Dispatch received a second call 15 to 30 minutes after the first regarding the "same thing, same description, shooting in the area of .. . Highland Avenue" (R. 11), and a second BOLO was issued. Officer James testified that within 30 minutes of the issuance of the second BOLO, he and his partner were sitting at the corner of Hall and Highland — four to five blocks from Highland Avenue and Ann Street, the area where the shots had reportedly been fired — when they observed a full-size red pickup truck pass through the intersection. The officers initiated a traffic stop of the truck because it matched the description of the vehicle in the BOLO. *Page 546 
At the conclusion of the suppression hearing, the trial court did not issue a ruling on the motion to suppress; instead, the trial court indicated that it did not know the answer to the question "if you get a call of someone shooting something or doing something, when can you stop them" (R. 32), but that it hoped to get the answer to the question by reading the caselaw provided by the parties.
At the guilty-plea proceedings held on January 29, 2004, the following exchange occurred:
 "[Knight's attorney]: . . . My only question would be, Judge, does [Knight] need to preserve his appeal of the suppression [issue] now or before he plead or — because I was listening to what you said, unless he preserves anything before he pleads —
 "THE COURT: If I were you, just to be safe, I would go ahead and reserve the right to appeal the suppression issue. I haven't ruled on it yet, have I?
 "[Knight's attorney]: Yes, sir.
 "THE COURT: I did?
 "[Prosecutor]: I don't think there was an order put out.
 "THE COURT: Well, anyway, do you want to reserve the suppression [issue] that you previously had a hearing on?
 "[Knight's attorney]: Yes, sir.
 "THE COURT: All right."
(R. 37-38.) At the conclusion of the sentencing hearing, Knight's attorney stated: "[W]e want[ ] to preserve his right to appeal the suppression issue." (R. 52.) The trial court replied: "He is reserving the issue of the suppression that he previously argued with me for appeal." (R. 52.)
 "This court will not review the merits of a motion presented by the appellant at trial unless the court below has issued a ruling adverse to the appellant on the motion. Knight v. State, 623 So.2d 376, 379 (Ala.Cr.App. 1993). It is the appellant's duty to preserve the record for appeal by invoking a ruling from the trial court. White [v. State], 589 So.2d [765,] 766 [(Ala.Crim.App. 1991)]."
Berryhill v. State, 726 So.2d 297, 302
(Ala.Crim.App. 1998).
 "If counsel makes objections and secures rulings `off the record,' this court cannot consider those rulings. . . . Our review is limited to matters of record."
Jefferson v. State, 449 So.2d 1280, 1282
(Ala.Crim.App. 1984). Our review of the record does not reveal an adverse ruling by the trial court on Knight's motion to suppress.
In Mitchell v. State, 913 So.2d 501
(Ala.Crim.App. 2005), this Court stated:
 "Reserving the right to appeal an issue is not the equivalent of preserving an issue for appellate review. To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained. The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any error. See, e.g., Ex parte Coulliette, 857 So.2d 793
(Ala. 2003). To reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all nonjurisdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all nonjurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entry of the plea. See, e.g., Prim v. State, 616 So.2d 381 (Ala.Crim.App. 1993). Reserving an issue for appeal avoids the waiver *Page 547 
effect of the guilty plea, but it does not preserve the issue for appellate review.[4] Thus, in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.
 "In this case, Mitchell reserved issue (1) for appeal; however, he failed to preserve it by filing a timely motion and/or objection with the trial court and obtaining an adverse ruling on the motion or objection. Therefore, it is not properly before this Court for review.
 "[4]Reserving an issue before a guilty plea is entered is also one of two methods by which a defendant may invoke the limited right to appeal a guilty-plea conviction. See Rule 14.4(a)(1) (viii), Ala.R.Crim.P. The other method is by filing a motion to withdraw the guilty plea. See Rule 26.9(b), Ala.R.Crim.P."
913 So.2d at 505. "While Knight reserved the suppression issue for appeal before he entered his guilty pleas, there is no indication in the record that Knight obtained an adverse ruling from the trial court on his suppression motion. Thus, he did not preserve the suppression issue for appellate review.
Because the issue presented on appeal is not properly before this Court for appellate review, the trial court's judgment is due to be affirmed.
However, although we are affirming Knight's convictions for unlawful possession of a controlled substance and harassment, we must remand this case for resentencing on the harassment conviction because the trial court has imposed a sentence that exceeds the maximum allowed by statute. "Matters concerning unauthorized sentences are jurisdictional," Hunt v.State, 659 So.2d 998, 999 (Ala.Crim.App. 1994), and we may take notice of an illegal sentence at any time. See, e.g.,Pender v. State, 740 So.2d 482 (Ala.Crim.App. 1999).
Harassment is a Class C misdemeanor. See § 13A-11-8(a)(3), Ala. Code 1975. The sentence that may be imposed for a Class C misdemeanor is imprisonment in the county jail for "not more than three months." § 13A-5-7(a)(3), Ala. Code 1975. As previously noted, Knight was sentenced to six months' imprisonment for the harassment conviction. Thus, Knight's sentence for the harassment conviction exceeds the maximum allowed by statute.
Therefore, based on the foregoing, we remand this case for the trial court to resentence Knight pursuant to §13A-5-7(a)(3). Due return shall be filed with this Court no later than 35 days from the date of this opinion.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
* Note from the reporter of decisions: On April 15, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 548