Kerry Neal Mullins pleaded guilty to first-degree sodomy, a violation of § 13A-6-63(a)(3), Ala. Code 1975, and was sentenced to 15 years' imprisonment. Mullins appealed to the Court of Criminal Appeals, arguing that the trial court had erred in denying his motion to suppress the statement he made to law-enforcement officers. Although the State conceded that Mullins had reserved for appellate review the issues raised in his motion to suppress, the Court of Criminal Appeals, in an unpublished memorandum, dismissed Mullins's appeal. Mullins v.State, 920 So.2d 584 (Ala.Crim.App. 2004). In its unpublished memorandum, the Court of Criminal Appeals stated: "[Mullins] did not specifically reserve the right to appeal the denial of his motion to suppress before he entered his guilty plea. Therefore, he did not properly reserve the right to appeal the denial of his motion to suppress." (Emphasis in original.) After the Court of Criminal Appeals denied Mullins's application for rehearing, Mullins petitioned this Court for certiorari review, which we granted.
Before entering his guilty plea, a defendant must reserve any issue as to which he wishes to appeal. Smith v. State,884 So.2d 3, 6 (Ala.Crim.App. 2003). See also Ala. R.Crim. P. 26.9(b)(4) ("before entering the plea of guilty [the defendant must have] expressly reserved his or her right to appeal with respect to a particular issue or issues"). Although the Court of Criminal Appeals concluded that Mullins had not specifically reserved his right to appeal the denial of his motion to suppress before he entered his guilty plea, our review of the record leads us to a contrary conclusion. *Page 590 
The existence of a pre-plea reservation of the right to appeal is evidenced by the trial court's comments at the conclusion of the guilty-plea hearing. At that time, the trial court stated: "I do understand that you are in fact preserving for appeal the issue of the court's ruling on the suppression hearing on the motion to suppress. . . . [T]he court understands that the defendant is continuing to preserve that motion." The prosecutor took no exception to the trial court's statements.
When Mullins returned to court for sentencing, the trial court again acknowledged, without exception from the prosecutor, that Mullins had reserved his right to appeal with regard to the denial of his motion to suppress. The trial court stated:
 "I certainly understood that at the time we had that suppression hearing. I understood of it and the court acknowledged it at the time we took the plea and I again acknowledge it at the time set for today . . . [t]hat each of those issues are preserved and you are noted to have noted that on the record on each of those separate occasions."
After he was sentenced, Mullins filed a "Motion to Withdraw Best Interest Plea or in the Alternative Motion for a New Trial." A hearing was held on that motion, at which the trial court, for a third time, and again without exception by the prosecutor, confirmed that the suppression issue had been reserved for appeal. The trial court stated:
 "I will state . . . for the record that at all times counsel for the defendant has preserved for the record for appellate purposes the issue of a suppression that was covered in a suppression hearing pretrial. . . .
 "That issue that was raised at the suppression hearing was preserved for the record by reference back to that at the time of the plea and at the time of the sentencing. So, I mean it's always been the court's understanding and [defense counsel] have always made it clear on the record that you were preserving those issues when I denied your motion."
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded for the Court of Criminal Appeals to consider the merits of Mullins's appeal.
REVERSED AND REMANDED.*
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
* Note from the reporter of decisions: On June 10, 2005, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On July 1, 2005, that court denied rehearing, without opinion. On August 12, 2005, the Supreme Court denied certiorari review, without opinion (1041504).