COBB, Judge.
On November 15, 2004, Sheryl A. Tres-lar pleaded guilty to third-degree theft of property in violation of § 13A-8-3, Aa. Code 1975. Treslar filed a motion to suppress the bank records turned over to law-enforcement officers by AmSouth Bank based on the privacy protections afforded by § 5-5A-43, Ala.Code 1975. (C. 42-44.) In her plea agreement, Treslar reserved her right to appeal the denial of her motion to suppress those records. (C. 79.) On November 15, 2004, pursuant to the plea agreement, Treslar was sentenced to 12 months’ unsupervised probation and was fined $350.[1] (C. 75-79.)
On May 10, 2004, the trial court held a hearing on Treslar’s motion to suppress at which the court heard testimony from Forrest Duncan, an investigator for AmSouth Bank, and from Dr. Jim H. Day, the managing partner at Hoover Eye Care. (C. 3.)
The record reflects that, from January 1, 2002, to October 3, 2002, Treslar was employed by Dr. Day, the managing partner at Hoover Eye Care. Day discovered that for several months Treslar had been depositing checks payable to Hoover Eye Care into her account at AmSouth Bank. (R. 23.) Duncan discovered the illegal activity in Treslar’s account in September or October 2002, when he was contacted by Dr. Day and Detective Tim McArdle of the Hoover Police Department. They told him that the checks were the property of Hoover Eye Care. (R. 5.) Neither Day nor McArdle requested the bank records from AmSouth, yet after reviewing the records, Duncan sent the records to McArdle. (R. 6, 11, 16.) Duncan testified that the bank had been the victim of a crime, because when checks are deposited into the wrong account the bank has to pay back the party to whom the checks were payable. (R. 7, 11.) Duncan testified that the bank had suffered a loss of $6,867. (R. 6.) Duncan further testified that the account Treslar was improperly depositing checks into was a corporate account. (R. 21.)
Treslar does not dispute the facts of this case but argues on appeal that the trial court erred in denying her motion to suppress the evidence of the bank records based on § 5-5A-43, Aa.Code 1975. The State argued that AmSouth Bank had the right to turn over the bank records because, it argued, the bank was the victim of a crime and the records were evidence in the case. The State argued further that the privacy protection afforded by § 5-5A-43, Aa.Code 1975, is based on Fourth and Fifth Amendment rights to privacy and that Treslar did not have standing to assert those rights because the account as to which she was seeking to apply the primary protections was a corporate account. The trial court denied the motion, stating that AmSouth was justified in turning over the banks records to the police because Treslar did not have standing to assert Fourth and Fifth Amendment rights to privacy over the records because the account was a corporate account and *572 the bank was the victim of a crime. (R. 31.)
This is a matter of first impression; neither this Court nor the Alabama Supreme Court has interpreted § 5-5A-43 in the context of a criminal violation. The State argues that Treslar did not preserve on appeal the issue whether the trial court erred in denying the motion to suppress because she did not specifically reserve her right to appeal before the entry of her guilty plea, as required by Knight v. State, 936 So.2d 544 (Ala.Crim.App.2005), which stated:
“ ‘To reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all nonjurisdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all nonjurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entry of the plea. See, e.g., Prim v. State, 616 So.2d 381 (Ala.Crim.App.1993). Reserving an issue for appeal avoids the waiver effect of the guilty plea, but it does not preserve the issue for appellate review. Thus, in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.’ ”
Knight v. State, 936 So.2d at 546-47 (quoting Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App.2005)(footnote omitted)). The State argues that there is no record of Treslar’s reserving the right to appeal other than a notation on the guilty-plea agreement sheet attached to the guilty plea form. (C. 75, 79.)
Pursuant to the Alabama Supreme Court’s holding in Ex parte Mullins, 920 So.2d 589 (Ala.2005), we conclude that Treslar did preserve for appeal the denial of her motion to suppress. In Ex parte Mullins, the Court held that the trial judge’s comments on the record after the entry of the guilty plea evidenced that the judge understood that the defendant was reserving the right to appeal the denial of the motion to suppress before the guilty plea was entered. In Treslar’s case, the same conclusion can be drawn, i.e., that the trial court understood Treslar was reserving the right to appeal the denial of her motion from the notation on the guilty-plea form, which the judge signed, and the attached plea-agreement sheet, which contained the notation of Treslar’s reservation of the right to appeal the denial of the motion. (C. 75, 79.)[2]
On appeal, Treslar contends that § 5-5A-43, Ala.Code 1975, prohibits a bank from releasing the financial records of its account holder unless the account holder consents or unless the bank is served with a subpoena, warrant, or other court order. Section 5-5A-43, Ala.Code 1975, specifically states:
“A bank shall disclose financial records of its customers pursuant to a lawful subpoena, summons, warrant or court order issued by or at the request of any state agency, political subdivision, instrumentality, or officer or employee thereof and served upon the bank. No bank, director, officer, employee or agent thereof shall be held civilly or criminally responsible for disclosure of financial records pursuant to a subpoena, summons, warrant or court order *573 which on its face appears to have been issued upon lawful authority.”
Section 5-5A-43, Ala.Code 1975, does not state, nor has any Alabama Court held, that issues of Fourth Amendment privacy rights under the United States Constitution are the basis or purpose for the statute. The text of the statute affords a bank protection from criminal or civil prosecution for releasing bank records when those records are subpoenaed or the bank is ordered by a court to release the records. The statute does not prohibit a bank from releasing an account holder’s financial records to investigators in the absence of a subpoena or court order. Furthermore, the United States Supreme Court has held that a bank’s records are not afforded Fourth Amendment protection:
“On their face, the documents subpoenaed here are not respondent’s ‘private papers.’ Unlike the claimant in Boyd[ v. United States, 116 U.S. 616 (1886)], respondent can assert neither ownership nor possession. Instead, these are the business records of the banks. As we said in California Bankers Assn. v. Shultz, supra, [416 U.S. 21], at 48-49 [(1974)], ‘(b)anks are ... not ... neutrals in transactions involving negotiable instruments, but parties to the instruments with a substantial stake in their continued availability and acceptance.’ The records of respondent’s accounts, like ‘all of the records [which are required to be kept pursuant to the Bank Secrecy Act,] pertain to transactions to which the bank was itself a party.’ Id., at 52.”
United States v. Miller, 425 U.S. 435, 440-41, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Although no Alabama appellate court has directly addressed the issue, the United States Court of Appeals for the Fifth Circuit has adopted the Miller principle and held that it is not necessary to subpoena bank records or to have any established procedure for obtaining the records so long as the bank consents:
“In United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976), the Supreme Court held that a person has no protected Fourth Amendment interest in the privacy of his bank records, and it was therefore irrelevant whether the subpoenas used to obtain a defendant’s bank records were defective. In this case, no subpoenas were issued pri- or to the search, but the Bank’s permission for the search was expressly given. In light of Miller, it is irrelevant whether subpoenas were obtained for the search. We therefore hold that the trial court was correct in denying Poole’s motion to suppress the evidence obtained from his bank records.”
United States v. Poole, 557 F.2d 531, 536 (5th Cir.1977). The Eleventh Circuit Court of Appeals has more recently followed the reasoning in Miller as well:
“Although a motel guest may have a reasonable expectation of privacy in his room, e.g., Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); United States v. Bulman, 667 F.2d 1374, 1383-84 (11th Cir.1982), courts have refused to find such an interest in records similar to the registration records here. Thus, the Court has held that a bank depositor has no interest in the bank’s records of his accounts. United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) Accord, Reporters Comm. for Freedom of the Press v. AT & T, 593 F.2d 1030 (D.C.Cir.1978), cert. denied, 440 U.S. 949, 99 S.Ct. 1431, 59 L.Ed.2d 639 (1979) (phone call records). We hold that Willis lacks standing to challenge the officers’ examination of the motel records.”
United States v. Willis, 759 F.2d 1486, 1498 (11th Cir.1985).
*574 Because AmSouth Bank was a victim of a crime, it had more than a third-party interest in protecting itself from Treslar’s embezzlement, and Treslar cannot have had a reasonable expectation of privacy from the bank in documents she was executing between herself and the bank. We find, therefore, that the trial court did not err in denying Treslar’s motion to suppress the bank records.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.

. The record reflects that a restitution hearing was scheduled for March 18, 2005. The record is silent as to whether the hearing was held.

. “[Defendant] reserves right to appeal denial of motion to suppress." (C. 79.)