The appellant, Raymond Carlisle, was indicted for two counts of capital murder for the killing of Sammie Speigner III. Count I charged him with murder made capital because he committed it during the course of a robbery, § 13A-5-40(a)(2), Ala. Code 1975, and Count II charged him with murder made capital because the victim was in a vehicle, § 13A-5-10(a)(17), Ala. Code 1975. He was convicted of two counts of the lesser included offense of felony-murder, a violation of §13A-6-2(a)(3), Ala. Code 1975. The trial court sentenced him to serve concurrent terms of twenty-one years in prison on each conviction. In an unpublished memorandum that is being released today, we affirm as to the issues the appellant raises in his brief to this court. See Carlisle v. State, (CR-05-1191, November 3, 2006) ___ So.2d ___ (Ala.Crim.App. 2006) (table). In this opinion, we address the propriety of his two convictions for felony-murder.
In Ex parte Rice, 766 So.2d 143 (Ala. 1999), the Alabama Supreme Court held that § 13A-6-2(a)(3), Ala. Code 1975, creates a single offense, even though it provides alternative methods of proving the offense. The supreme court also held that double jeopardy principles prohibit multiple convictions and multiple sentences for felony-murder if the convictions and sentences arise from a single killing. In this case, the appellant was convicted of one *Page 171 
count of felony-murder during a robbery and one count of felony-murder during the commission of a felony that was clearly dangerous to human life — discharging a firearm into an occupied vehicle. Both convictions arose from the murder of Speigner. Therefore, he could not properly be convicted of and sentenced for two counts of felony-murder. The trial court sentenced the appellant to serve concurrent terms of life in prison. However, in Rice, the supreme court held:
 "We note that merely ordering that Rice's sentences run concurrently is not a constitutionally acceptable option. The Supreme Court stated in Ball v. United States, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985):
 "`The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense. See Missouri v. Hunter, 459 U.S. 359, 368 [, 103 S.Ct. 673, 74 L.Ed.2d 535] (1983).
 "`The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See Benton v. Maryland, 395 U.S. 784, 790-91 [, 89 S.Ct. 2056, 23 L.Ed.2d 707] (1969); Sibron v. New York, 392 U.S. 40, 54-56[, 88 S.Ct. 1889, 20 L.Ed.2d 917] (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.'
 "See, also, Rolling v. State, [673 So.2d 812
(Ala.Crim.App. 1995)].
 "Neither is it an acceptable option to merely vacate one of Rice's convictions and its corresponding sentence. The jury specifically found that Rice had violated § 13A-6-2(a)(3) in two different ways — by participating in a kidnapping and causing Taylor's death and by participating in a robbery and causing Taylor's death. Based on the record before us, an appellate court's vacating one of Rice's convictions and its corresponding sentence would have the effect, albeit unintended, of nullifying a part of the jury's verdict. We think the better approach is for the Court of Criminal Appeals to remand the case to the trial court for the entry of a new order — an order that adjudges Rice guilty of Taylor's murder and sentences him for that single offense."
Rice, 766 So.2d at 152-53. Therefore, we remand this case for the trial court to enter a new order that adjudges the appellant guilty of Speigner's murder and sentences him for that single offense. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
 AFFIRMED BY UNPUBLISHED MEMORANDUM IN PART; REMANDED *Page 172 
WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On February 16, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 600