KELLUM, Judge.
The appellant, Joseph Wesley Stroud, a convicted sex offender, pleaded guilty to failing to register as a convicted sex offender pursuant to § 13A-11-200, Ala. Code 1975. The circuit court sentenced Stroud to 10 years’ imprisonment; that sentence was split, and he was ordered to serve 18 months in jail, followed by 2 years’ supervised probation. The circuit court ordered Stroud to pay a $50 fine, $50 to the crime victims’ compensation fund, and $39 in restitution. This appeal followed.
*2 The record indicates that, before he entered his guilty plea, Stroud reserved his right to appeal the “constitutional issues” he had raised in a motion to dismiss that had been denied by the circuit court. (R. 4.) In his motion to dismiss, Stroud argued that portions of the Community Notification Act (“the CNA”), § 15-20-20 et seq., Ala.Code 1975, were unconstitutional. Stroud referenced the motion to dismiss when reserving his constitutionality argument, stating: “We would like to reserve the constitutional issues in the motion that we filed that the Court denied today that was filed back on August the 20th, 2010, about the statute being unconstitutional.” (R. 4-5.)
On appeal, Stroud contends that the registration statute under which he was charged — § 13A-11-200, Ala.Code 1975 — is unconstitutional as applied to him. Stroud cites this Court’s recent decision in State v. Adams, [Ms. CR-08-1728, November 5, 2010] — So.3d - (Ala. Crim.App.2010), in support of his contention. In Adams, this Court addressed the constitutionality of the registration requirement contained in § 15-20-22(a)(l), Ala.Code 1975. Stroud argues that, like the defendant in Adams, he is homeless; therefore, he asserts, he is unable to comply with § 13A-ll-200(b), which requires that a convicted sex offender “register with the sheriff of the county of his or her legal residence.” [1]
It is well settled that, “ ‘ “in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.” ’ ” Treslar v. State, 948 So.2d 570, 572 (Ala.Crim.App.2005) (emphasis omitted), quoting Knight v. State, 936 So.2d 544, 547 (Ala.Crim.App.2005), quoting in turn Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App.2005).
In the instant case, Stroud both preserved and reserved a challenge to the constitutionality of certain provisions of the CNA. However, Stroud did not preserve and reserve his challenge to the constitutionality of § 13A-11-200, Ala. Code 1975 — the issue he now raises on appeal. “The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.” Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). “ ‘Review on appeal is restricted to questions and issues properly and timely raised at trial.’” Ex parte Coulliette, 857 So.2d 793, 794 (Ala.2003), quoting Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). It is well settled that “ ‘[a]n issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.’ ” Dickey v. State, 901 So.2d 750, 756 (Ala.Crim.App.2004), quoting Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). “ ‘[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.’” McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995), quoting Buice v. State, 574 So.2d 55, 57 (Ala.Crim.App.1990). Because Stroud did not present his claim regarding the constitutionality of § 13A-11-200, Ala.Code *3 1975, to the circuit court, nothing is preserved for this Court’s review.
Based on the foregoing, the circuit court’s judgment is affirmed.
AFFIRMED.
WELCH, P.J., and WINDOM, J., concur.
BURKE, J., concurs in the result, with opinion.
JOINER, J., concurs in the result.

. In Adams, supra, this Court noted that the registration requirements of the CNA coincide with the registration requirements for sex offenders found in § 13A-11-200, but the Court did not extend its holding in Adams to the requirements contained in § 13A-11-200. -So.3d at-.