WOODALL, Justice
(concurring specially).
I concur specially to point out that the Chief Justice’s dissent is based on her misunderstanding of the holding in the Court of Criminal Appeals’ unpublished memorandum affirming the conviction of William Floyd Nalls, Jr. Nalls v. State (No. CR-09-1323, Jan. 28, 2011), — So.3d - (Ala.Crim.App.2011) (table). The Court of Criminal Appeals did not hold that Nalls had failed to preserve the issue of the retroactive application of the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 (“the CNA”), to his case.[1] In fact, that court stated that “Nalls appears to have reserved an argument relating to retroactive application of the CNA.”
On appeal to the Court of Criminal Appeals, however, Nalls raised several specific due-process or equal-protection issues for the first time.[2] It was those issues that the Court of Criminal Appeals held had not been preserved or reserved for appellate review. “[I]n the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and adverse ruling from the trial court and reserved for appeal before the entry of the plea.” Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App.2005) (some emphasis added). None of the facts before this Court reflect any error in the Court of Criminal Appeals’ holding that the issues raised on appeal had not been properly preserved or reserved for appellate review.

. Nalls pleaded guilty to attempted sexual abuse in the first degree in August 1994, before the effective date of the CNA.

. He argued "that the circuit court’s application of the CNA violated his due process rights because he was not provided with a hearing to determine whether the CNA was applicable in his case, his misdemeanor conviction for attempted sexual abuse was actually a case of domestic violence, and the application of the CNA violated his equal protection rights by treating juveniles and adults charged with the same crimes differently.”