WINDOM, Presiding Judge.
Andrew Amison appeals his convictions for two counts of felony murder, see § 13A-6-2(a)(3), Ala.Code 1975, and his resulting • sentences of 32 years in prison. Amison’s sentences were ordered to run concurrently.
On November 22, 2011, Amison and his accomplice, Broderick Brown, robbed and killed Sam Richardson in Richardson’s barbershop.[1] Amison was indicted for two counts of capital murder for killing Sam Richardson during the course of a robbery and during the course of a burglahy. See § 13A-5-40(a)(2) and (a)(4), Ala.Code 1975. On both counts, the jury found Ami-son guilty of thé lesser-included offense of felony murder. Thé circuit court adjudicated Amison guilty of two eounts of felony murder and sentenced him to two concurrent terms of 32 years in prison.
On appeal, both Amison and the State argue that Amison’s two felony-murder convictions for killing Richardson violate the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States. This Court agrees.
In, Carlisle v. State, 963 So.2d 170 (Ala. Crim.App.2006), this Court explained:
“In Ex parte Rice, 766 So.2d 143 (Ala. 1999), the Alabama Supreme Court held that § 13A-6-2(a)(3), Ala.Code 1975, creates a single offense, even though it provides alternative methods of proving the offense. The supreme court also held that double jeopardy principles prohibit multiple convictions and multiple sentences for felony-murder if the convictions and sentences arise from a sin *985 gle killing. In this case, the appellant was convicted of one count of felony-murder during a robbery and one count of felony-murder during the commission of a felony that was clearly dangerous to human life — discharging a firearm into an occupied vehicle. Both convictions arose from the murder of Speigner. Therefore, he could not properly be convicted of and sentenced for two counts of felony-murder. The trial court sentenced the appellant to serve concurrent terms of life in prison. However, in Rice, the supreme court held:
“ ‘We note that merely ordering that Rice’s sentences run concurrently is not a constitutionally acceptable option. The Supreme Court stated in Ball v. United States, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985):
‘““The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress’ intention. One of the convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense, See Missouri v. Hunter, 459 U.S. 359, 368[, 103 S.Ct. 673, 74 L.Ed.2d 535] (1983).
“ ‘ “The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant’s eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant’s credibility and certainly carries the societal stigma accompanying any criminal conviction. See Benton v. Maryland, 395 U.S. 784, 790-91[, 89 S.Ct. 2056, 23 L.Ed.2d 707] (1969); Sibron v. New York, 392 U.S. 40, 54-56E, 88 S.Ct. 1889, 20 L.Ed.2d 917] (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.”
“ ‘See, also, Rolling v. State, [673 So.2d 812 (Ala.Crim.App.1995) ].
“ ‘Neither is it an acceptable option to merely vacate one of Rice’s convictions and its corresponding sentence. The jury specifically found that Rice had violated § 13A-6-2(a)(3) in two different ways — by participating in a kidnapping and causing Taylor’s death and by participating in a robbery and causing Taylor’s death. Based on the record before us, an appellate court’s vacating one of Rice’s convictions and its corresponding sentence would have the effect, albeit unintended, of nullifying a part of the jury’s verdict. We think the better approach is for the Court of Criminal Appeals to remand the case to the trial court for the entry of a new order — an order that adjudges Rice guilty of Taylor’s murder and sentences him for that single offense.’
“Rice, 766 So.2d at 152-53.”
Carlisle, 963 So.2d at 170-71; see also Brown v. State, 171 So.3d 102, 110 (Ala. Crim.App.2014).
Amison’s two felony-murder convictions for killing Richardson cannot stand under Carlisle, 963 So.2d at 170-71. Accordingly, this Court remands this cause to the circuit court with directions for that court to enter a new order adjudging Amison guilty of one count of felony murder and *986 sentencing him for that single offense. The circuit court shall take all necessary-action to ensure due return to this Court at- the earliest possible time but no later than 42 days after the release of this opinion.
REMANDED ' WITH INSTRUCTIONS.*
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. Amison does not challenge the sufficiency of the evidence; therefore, a recitation of the facts is not necessary.

 Note from the reporter of decisions: On March 4, 2015, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On July 2, 2015, that court denied rehearing, without opinion.