BURKE, Judge.
Charles Edward Bradshaw, Jr., appeals his guilty-plea conviction of one count of harassing communications, a violation of a municipal ordinance of the Town of Argo (“Argo”) incorporating § 13A-ll-8(b)(l), Ala.Code 1975, and his resulting sentence of 90 days’ imprisonment. His sentence was split, and Bradshaw was ordered to serve 45 days’ imprisonment, followed by 2 years’ unsupervised probation. Bradshaw was further ordered to complete a court-approved anger-management course during the term of his probation. This appeal followed.
Bradshaw was initially convicted in the municipal court of Argo of one count of harassing communications on December 5, 2014. On December 5, 2014, Bradshaw filed a notice of appeal and an appeal-bond form in order to appeal his conviction to the St. Clair Circuit Court for a trial de novo. On or about March 6, 2015, Bradshaw filed a motion to dismiss in the circuit court, alleging that the municipal court clerk had failed to timely transmit to the clerk of the circuit court the records of the proceedings in the municipal court and, thus, pursuant to Rule, 30.4, Ala. R.Crim. P., Argo had abandoned the prosecution. The circuit court denied Bradshaw’s motion to dismiss. Bradshaw subsequently pleaded guilty to one count of harassing communications.
On appeal, Bradshaw argues that his case should have been dismissed in the circuit court because, he says, Argo abandoned its appeal when it failed, to certify the record to the circuit court within 14 days of December 5, 2014, as required by Rule 30.4, Ala. R.Crim. P. He submits that he perfected his appeal when he executed his notice of appeal and appeal-bond form.
We initially question whether Bradshaw properly reserved this issue for appellate review. In Mitchell v. State, 913 So.2d 501 (Ala.Crim.App.2005), this Court explained:
“Reserving the right to appeal an issue is not the equivalent of preserving an issue for appellate review. To preserve an issue for appellate review, the *682 issue must- be timely raised and. specifically presented to the trial court and an adverse ruling obtained. The purpose of requiring an issue to.be preserved for review is to allow the trial court-the first opportunity to correct any error. See, e.g., Ex parte Coulliette, 857 So.2d 793 (Ala.2003). To reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all nonju-risdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all nonjurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entry of the plea. See, e.g., Prim v. State, 616 So.2d 381 (Ala.Crim.App.1993). Reserving an issue for appeal avoids the waiver effect of the guilty plea, but it does not preserve the issue for appellate review. Thus, in the guilty-plea context, an issue relating to a defect occurring before the entry of the plea must be both preserved by a timely and specific motion and/or objection and an adverse ruling from the trial court and reserved for appeal before the entry of the plea.”
913 So.2d at 505 (footnote omitted),
In the present case, Bradshaw properly preserved the issue for review by filing a motion to dismiss in which he raised the issue, and he received an adverse ruling. Unfortunately, because of the informal nature of his guilty-plea proceedings, it is unclear whether he properly reserved the issue for review before 'he entered his guilty plea as required by Knight v. State, 936 So.2d 544 (Ala.Crim.App.2005). From the record, it appears that the court understood that Bradshaw was reserving this issue. Treslar v. State, 948 So.2d 570, 572 (Ala.Crim.App.2005) (“In Ex parte Mullins, [920 So.2d 589 (Ala.2005),] the Court held that the trial judge’s comments on the record after the entry of the guilty plea evidenced that the judge understood.that the defendant was reserving the right to appeal the denial of the motion to suppress before the guilty plea was entered. In Treslar’s case, the same conclusion can be drawn — ”). However, even assuming that he properly reserved the instant issue for appellate reviéw, he is still not entitled to relief on his claim.
Rule 30.4(a), Ala. R.Crim. P. provides:
“Within fourteen (14) days after the appeal to the circuit court for trial de novo is perfected as provided by Rule 30.3(b), the clerk of the municipal or district court shall transmit to the clerk of the circuit court such records of the proceedings as are in the municipal or district court clerk’s possession, including the original charging instrument. If the appeal is from a municipal court and the clerk thereof shall fail to transmit such records to the clerk of the circuit court within the time prescribed, the municipality shall be deemed to have abandoned the prosecution; the defendant shall stand discharged, with prejudice; and any bond shall be automatically terminated.”
Bradshaw claims that, because he filed a notice of appeal and signed an appeal bond on December 5, 2014, he perfected his appeal on that date and, thus, the municipal court’s transmission of the records on December 23, 2014, was outside the 14-day period required in Rule 30.4, Ala. R.Crim. P. Bradshaw contends that the municipal court’s written condition of his conviction having been “Appeal Bond $500.00” (C. 6.), required only the execution of an appearance bond that did. not require a security, as opposed to a “se *683 cured appearance bond” as defined by Rule 7.1(c), Ala. R.Crim. P., which does require the bond to be secured by a deposit with the clerk of security.[1]
Argo maintains that Bradshaw did not perfect his appeal until December 17, 2014, the date in which it claims Bradshaw executed a corporate surety bond and filed it with the circuit court. However, although Argo attempts to prove this matter by providing a copy of an indemnity agreement as an attachment to its brief on appeal, there is no indication in the appellate record that such a bond was ever posted. First, although an indemnity agreement would likely accompany a corporate surety bond, an indemnity agreement alone is not proof that a corporate surety bond was actually posted in this matter. Further, even if the indemnity agreement was enough to prove that a bond was posted, this Court is bound by the record on appeal. Revis v. State, 101 So.3d 247, 335 (Ala.Crim.App.2011)(“ ‘This court may not consider matters outside the record that are included in an appellate brief. Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 176 (Ala.2000).’ ”).
Likewise, contrary to Bradshaw’s assertion, our review of the record also does not indicate that he perfected his appeal on December 5, 2014. Bradshaw claims that his notice of appeal and his signature on the appeal bond were enough to prove that he perfected his appeal on December 5, 2014. However, the record indicates that the appeal bond did not have a bond amount listed on the form where the amount was to be provided and did not contain a signature or approval by the municipal court or the clerk or marked as approved or waived where indicated on the form. (C. 29.)
In Ex parte City of Tarrant, 850 So.2d 366, 369 (Ala.Crim.App.2002), this court stated:
“In Ex parte City of Fort Payne, 639 So.2d 1347 (Ala.1994), the Alabama Supreme Court noted that it was amending Rule 30.3, Ala. R.Crim. P., to state that the municipal court records were to be filed within 14 days after the appeal was ‘perfected.’ Prior to this revision, Rule 30.3 provided that the records were to be filed within 14 days of the filing of the notice of appeal. No mention was made of an appeal bond. This Court in Ex parte Fort Payne, 628 So.2d 1036 (Ala.Crim.App.1993), urged the Alabama Supreme Court to amend Rule 30.3 to make it consistent with § 12-14-70, Ala. Code 1975 — the statute addressing the same subject. Section 12-14-70(c) states:
“ ‘A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed by the court, conditioned upon the defendant’s appearance before the circuit court. The municipal court may waive appearance bond upon satisfactory showing that the defendant is indigent or otherwise unable to provide a surety bond. If an appeal bond is waived, a defendant sentenced to imprisonment shall not be released from custody, but may obtain release at any time by filing a bond approved by the municipal court. If defendant is not released, the prosecutor shall noti *684 fy the circuit clerk, and the case shall be set for trial at the earliest practicable time.’
“According to § 12-14-70, an appeal to the circuit court from the municipal court is not perfected until (1) a notice of appeal has been filed and (2) an appeal bond has been set and approved by the municipal court or the clerk.
“Although § 12-14-70 has been modified in part by the Supreme Court’s adoption of Rule 30.3, this statute still has a field of operation. See Committee Comments to Rule 30.3. ‘[R]ules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible.’ State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000), citing Burlington Northern R.R. v. Whitt, 611 So.2d 219, 222 (Ala.1992). The statute plainly states that an appeal bond must be approved by the municipal court or clerk,
“After reading Rule 30.3 and § 12-14-70 together, the conclusion is clear— before an appeal from a municipal court to a circuit court can be perfected, a written notice of appeal and an appeal bond approved by the municipal court or the clerk must be filed with the municipal court clerk’s office. Only then does the time for filing the municipal court records begin to run.”
(Emphasis added.)
An appellate court may consider only the facts contained in the record on appeal; it may not presume any facts not shown by that record and make them a ground for reversal. Peoples v. State, 951 So.2d 755, 761 (Ala.Crim.App.2006). Therefore, because the record reflects that Bradshaw’s appeal bond that was signed by him on December 5, 2014, but was not marked as approved or waived by the municipal court or the clerk and stated no amount, we cannot say that his appeal was perfected on December 5, 2014. Accordingly, Bradshaw is not entitled to relief on his claim.
Based on the foregoing, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. Rule 7.1(c), Ala. R.Crim. P., defines a secured appearance bond as “an appearance bond secured by deposit with the clerk of security equal to the full amount thereof.”