KELLUM, Judge.
The appellant, Artavis Demetrius Pen-dleton, was convicted of two counts of felony murder, see § 13A-6-2(a)(3), Ala.Code 1975. The circuit court sentenced Pendle-ton to 50 years’ imprisonment on each count and ordered that the sentences were to run concurrently. Pendleton was ordered to pay $500 to the crime victims compensation fund and court costs.
Pendleton does not challenge on appeal the sufficiency of the evidence. Therefore, a brief recitation of the facts is all that is necessary in this case. On July 11, 2011, family members of Maxine Jackson went to her house because they had not heard from her for several days. When they arrived and noticed blowflies in the windows of the house, they contacted law enforcement. Ray Arrington, a patrol sergeant with the Tallapoosa County Sheriffs Department, went to the house and performed a welfare check. Once inside the house, Sgt. Arrington discovered Jackson’s decomposed body. Jackson’s hands and feet were bound with rope, and sheets and blankets were piled on top of her. Sgt. Arrington and other officers secured the scene and turned the case over to investigators. An autopsy performed on Jackson revealed that she died as a result of blunt-force trauma to the head.
Chad Jones, an investigator with the Tallapoosa Sheriffs Department, testified that he went to Jackson’s house after being contacted by Sgt. Arrington. Investigator Jones noticed extensive blood splatter in the home. Jackson received Social Security benefits, and she had an electronic benefits transfer (“EBT”) card, which investigators were unable to locate during a search of the house. Investigators subsequently discovered that Jackson’s EBT card was being used by someone in the area and used surveillance video from local stores to identify Lakeisha Edwards, who subsequently told investigators about Robin Parker and Pendleton.
Parker led investigators to a charred area near Jackson’s house containing partially burned shoes and clothing. Parker indicated that she and Pendleton were wearing the burned clothing and shoes on the day of the incident. Parker also led officers to an abandoned house where she said she and Pendleton stayed after the incident. Inside the abandoned house, investigators discovered an EBT card, a Medicaid card, and a debit card; all three of the cards belonged to Jackson and bore her name.
Parker testified that she was dating Pendleton at the time of the incident and that she traveled with him to deliver crack *47 cocaine to Jackson’s house on July 1, 2011. After obtaining crack cocaine from Parker and smoking it, Jackson became agitated and hit Parker with a cane. Jackson then began arguing with Pendleton and continued that argument in another room. Parker testified that she later heard a bump and then Jackson called out Parker’s name for help. Parker entered the room and saw Pendleton standing over Jackson and striking her with a rifle. Afterward, Pen-dleton said: “No witness; no case.” (R. 273.) Pendleton and Parker burned the clothing and shoes they were wearing in a pile near Jackson’s house.
The record indicates that Pendleton was indicted for two counts of capital murder for the death of Jackson — one count of murder during the course of a robbery and one count of murder during the course of a kidnapping. After both sides rested and the circuit court instructed the jury on the applicable principles of law, the jury found Pendleton guilty of two counts of felony murder as lesser-included offenses of capital murder. This appeal followed.
I.
On appeal, Pendleton contends that his two felony-murder convictions for killing Jackson violate the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States. We agree.
In Carlisle v. State, 963 So.2d 170 (Ala.Crim.App.2006), this Court explained:
“In Ex parte Rice, 766 So.2d 143 (Ala.1999), the Alabama Supreme Court held that § 13A-6-2(a)(3), Ala.Code 1975, creates a single offense, even though it provides alternative methods of proving the offense. The supreme court also held that double jeopardy principles prohibit multiple convictions and multiple sentences for felony-murder if the convictions and sentences arise from a single killing. In this case, the appellant was convicted of one count of felony-murder during a robbery and one count of felony-murder during the commission of a felony that was clearly dangerous to human life — discharging a firearm into an occupied vehicle. Both convictions arose from the murder of Speigner. Therefore, he could not properly be convicted of and sentenced for two counts of felony-murder. The trial court sentenced the appellant to serve concurrent terms of life in prison.”
963 So.2d 170, 170-71 (Ala.Crim.App.2006); see also Brown v. State, 171 So.3d 102, 110 (Ala.Crim.App.2014).
Furthermore, this Court has held that multiple felony-murder convictions arising from the same killing violate the prohibition against double jeopardy even if a defendant is’ sentenced to concurrent sentences for those convictions. See Brannon v. State, 61 So.3d 1100, 1104 (Ala.Crim.App.2010).
Because Pendleton was convicted of two counts of felony murder for the death of Jackson, we remand this case for the circuit court to enter a new order that adjudges Pendleton guilty of Jackson’s murder and sentences him for that single offense.
II.
Next, Pendleton contends that the circuit court erred when it admitted video recordings into evidence. Pendleton concedes that his trial counsel did not object to the introduction of the two video-surveillance tapes, but he argues that the admission of tapes was plain error.
The Alabama Supreme Court has long held:
“ ‘Review on appeal is restricted to questions and issues properly and timely raised at trial.’ Newsome v. State, 570 *48 So.2d 703, 717 (Ala.Crim.App.1989). ‘An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.’ Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992).
‘ “[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.” ’ McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted). ‘The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.’ Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). ‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’ Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).”
Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003). In this case, Pendleton did not object to the introduction of the tapes at trial. Therefore, his argument is not preserved for our review.
Furthermore, it is well settled that plain-error review is applicable only in cases in which the death penalty is imposed. See Rule 45A, Ala. R.App. P.; Buford v. State, 891 So.2d 423 (Ala.Crim.App.2004); Myers v. State, 677 So.2d 807 (Ala.Crim.App.1995). Because the death penalty was not imposed in the instant case, the doctrine of plain error is not applicable. Accordingly, Pendleton is not entitled to relief on this issue.
III.
Finally, Pendleton argues that the circuit court erred when it allowed bad-character evidence against Pendleton. Pendleton did not object at trial and argues that we should review this issue for plain error. As discussed in Part II, supra, Pendleton’s argument is not preserved for our review because he did not object at trial to the introduction of the specific character evidence he now challenges on appeal. Furthermore, the doctrine of plain error is not applicable because the death penalty was not imposed in this case. Accordingly, Pendleton is not entitled to relief on this issue.
For the reasons set out in Part I of this opinion, we remand this case for the trial court to enter a new order that adjudges Pendleton guilty of one count of felony murder and sentences him for that single offense. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion.
AFFIRMED IN PART; AND REMANDED WITH DIRECTIONS*
WINDOM, P.J., and WELCH and BURKE, JJ., concur. JOINER, J., concurs in the result.

 Note from the reporter of decisions: On April 22, 2016, on return to remand, the Court of Criminal Appeals affirmed, without opinion.